Jose S. C. SALAZAR and Virginia S. Salazar, Individually and as parents of Randolph M. Salazar, a minor, Juan D. Salazar, a minor, and Kenneth L. Salazar, a minor, Randolph M. Salazar, by and through his next friend, Jose S. C. Salazar, Juan D. Salazar, by and through his next friend, Jose S. C. Salazar, Kenneth L. Salazar, by and through his next friend, Jose S. C. Salazar, Larry R. Ball and Joyce Ball, Individually and as parents of Lawrence R. Ball, a minor; Lawrence R. Ball, by and through his next friend, Joyce Ball; David A. Vigil and Mary E. Vigil, Individually and as parents of Ronald E. Vigil, a minor; Ronald E. Vigil, by and through his next friend, David A. Vigil, Plaintiffs–Appellants,

v.

Roger L. WEBB, D. M. Simmons, Individually and as Co–Venturers of 4150 Joint Venture; and 4150 Joint Venture, a Joint Venture, Defendants–Appellees,

and

City and County of Denver, a Municipal Corporation of the State of Colorado; City of Sheridan, a Municipal Corporation of the State of Colorado; County of Arapahoe, a corporate body; Board of County Commissioners of the County of Arapahoe; South Suburban Metropolitan Recreation and Park District; and Colorado Disposal, Inc., a Colorado Corporation; and Paul T. Van Winkle, Individually and as Co–Venturer of 4150 Joint Venture, Defendants.

No. 79CA0824.

Colorado Court of Appeals,
Div. I.

July 3, 1980.

Rehearing Denied Aug. 7, 1980.

Certiorari Denied Oct. 6, 1980.

Edward A. Jersin, Julie M. Reardon, Denver, for plaintiffs–appellants.

Goldstein, Armour & Lonnquist, P.C., Alan A. Armour, Denver, for defendants–appellees.

KELLY, Judge.

This is one of a series of appeals of summary judgment orders by the plaintiffs, five children and their parents. The trial court granted the summary judgment motion by the defendants, Roger L. Webb and D. M. Simmons, individually and as participants in an enterprise known as 4150 Joint Venture. We reverse.

The children were severely injured by an explosion in a storm sewer beneath property owned by 4150 Joint Venture and leased to Colorado Disposal, Inc., to maintain a sanitary land fill. The complaint alleged that the explosion in the storm sewer was caused by methane gas which seeped from the landfill site.

The trial court ruled that the defendants were not liable for injuries which were alleged to have occurred as a consequence of the dangerous condition of their property since, under the lease, they did not retain control. In so ruling, the court concluded that *Ogden v. McChesney*, 41 Colo.App. 191, 584 P.2d 636 (1978), mandated that result. We disagree.

*Ogden* does not address the issue presented here. Under certain circumstances, a lessor may be held liable for physical harm which resulted from a dangerous condition on his land even though he retains no control over it. *See, e. g., Restatement (Second) of Torts* § 379A.[1] Here, neither the existence of a dangerous condition on the land nor physical harm to the plaintiffs, if any, was addressed in the trial court.

We must accept the factual allegations of the complaint as true where not otherwise controverted. *See Tamblyn v. Denver*, 118 Colo. 191, 194 P.2d 299 (1948). The complaint alleged that the accident which occurred was a direct result and a natural consequence of a dangerous activity on the land. Since the defendants' only contention in their motion was that they were relieved of any possible liability because they relinquished control over the leased property, and since the trial court's ruling was limited to this legal issue, the defendants were not entitled to judgment as a matter of law.

Judgment is reversed and the cause is remanded for further proceedings.

ENOCH, C. J., and COYTE, J., concur.

---

1. "A lessor of land is subject to liability for physical harm to persons outside of the land caused by activities of the lessee or others on the land after the lessor transfers possession if, but only if,

(a) the lessor at the time of the lease consented to such activity or knew that it would be carried on, and

(b) the lessor knew or had reason to know that it would unavoidably involve such an unreasonable risk, or that special precautions necessary to safety would not be taken."