**Leif RIAN, Plaintiff–Appellant,**

v.

**IMPERIAL MUNICIPAL SERVICES GROUP, INC., and W.C. Muchow and Partners, Inc., Defendants–Appellees.**

No. 86CA1399.

Colorado Court of Appeals, Div. I.

Dec. 1, 1988.

Rehearing Denied Jan. 12, 1989.

Shelley B. Don, P.C., Shelley B. Don, David L. Hiller, Denver, for plaintiff-appellant.

Barrows & Sisun, P.C., Mark A. Sisun, Steven P. Hemmerle, Denver, for defendant-appellee Imperial Mun. Services Group, Inc.

Knapp, Lee and York, P.C., Byrum C. Lee, Jr., Denver, for defendant-appellee W.C. Muchow and Partners, Inc.

PIERCE, Judge.

Leif Rian (plaintiff) appeals a summary judgment which dismissed his negligence claims against Imperial Municipal Services Group, Inc. (Imperial) and W.C. Muchow and Partners, Inc. (Muchow). We affirm in part, reverse in part, and remand with directions.

Plaintiff was injured in the scope of his employment when he fell from an unsecured flight of prefabricated stairs on a construction site. He was an employee of Harmon Construction Company, the general contractor engaged by Jefferson County to construct a jail. Jefferson County was the lessee of the property on which the jail was to be constructed. Imperial is the owner and lessor of the property.

Plaintiff received workmen's compensation benefits from Harmon. In addition, he sought damages from Imperial, as owner of the property and from Muchow, as archi-

tect of the jail. Plaintiff's theory of liability against Imperial was that as owner, Imperial had a duty to exercise due care for the safety of the workers.

Plaintiff's theories of liability against Muchow were that, as architect, it breached its duty to supervise and inspect the premises for safety; it negligently designed the plans for the jail, including the stairs; it failed to warn of the proper means of assembling the stairs; it failed to ensure that proper safety practices were employed; it failed to warn of the dangers of misuse or improper assembly of the stairs; it permitted dangerous conditions to exist; and it failed to provide proper safety devices on the stairs.

Both defendants moved for summary judgment. The trial court held that Muchow was not liable because it had no duty to supervise construction and had no other duty connected with the accident. The court held that Imperial was not liable because its only role was to finance the jail and, thus, it had no duty to plaintiff. The court further held that Imperial was plaintiff's statutory employer pursuant to § 8–48–102, C.R.S. (1986 Repl.Vol. 3B); therefore, plaintiff was barred from seeking civil damages from Imperial by virtue of § 8–42–102, C.R.S. (1986 Repl.Vol. 3B).

## I. Claims against Imperial

### A.

■ Plaintiff contends that the trial court erred in concluding that Imperial was his statutory employer pursuant to § 8–48–102(1), C.R.S. (1986 Repl.Vol. 3B). We agree.

In relevant part, § 8–48–102(1) provides: "[E]very person, company, or corporation owning any real property or improvements thereon and contracting out any work done on and to said property to any contractor, subcontractor, or person who hires or uses employees in the doing of such work shall be deemed to be an employer under the terms of articles 40 to 54 of this title...."

Standing alone, this statute appears to support Imperial's contention that it is plaintiff's statutory employer. Imperial is the owner of the property and, through Jefferson County, contracted with Harmon who in turn used plaintiff to construct a jail.

However, § 8–48–103(1), C.R.S. (1986 Repl.Vol. 3B) provides:

"The provisions of this article [48] shall not apply to any lessor or sublessor of real property who rents or leases real property to any lessee or sublessee for the purpose of conducting the business of such lessee or sublessee whether as a franchise holder, independent agent, or consignee or in any other separate capacity and whether or not such person is an employer, as defined in section 8–41–105, but in no event where such lessee or sublessee is an employee, as defined in section 8–41–106(1)(b)."

We conclude that Imperial, as lessor of the property, is exempt from the statutory employer definition in § 8–48–102 because it leased the property to Jefferson County for the sole purpose of building and operating a jail. Therefore, § 8–48–103(1) applies; § 8–48–102 does not.

Imperial argues that because it did purchase workmen's compensation insurance for plaintiff's benefit, it is entitled to the protection of the Workmen's Compensation Act (Act). This argument is without merit.

The provisions of the Act, not the purchase of insurance, define the rights and liabilities of the parties. While § 8–41–105(5), C.R.S. (1986 Repl.Vol. 3B) provides that any employer exempt from workmen's compensation liability pursuant to § 8–41–105 may elect to accept the Act by purchasing workmen's compensation insurance, there is no similar provision with regard to Article 48. We will not read this nonexistent provision into the Act. *See Snyder v. Industrial Commission*, 138 Colo. 523, 335 P.2d 543 (1959). One is either an employer or one is not under the Act. We have concluded that Imperial is not plaintiff's employer; therefore, the purchase of insurance does not vest it with immunity from civil liability as to his claims.

### B.

■ Imperial alternatively argues that the summary judgment in its favor should

be affirmed because it had no duty to plaintiff as a matter of law. We agree.

■ The general rule is that a lessor of property that has transferred control over the leased premises to its lessee owes no duty to a person injured on the premises by a dangerous condition. *See Nuzum v. Rampart Embers, Inc.*, 487 P.2d 587 (Colo. App.1971) (not selected for official publication). Since plaintiff does not dispute that the contract between Imperial and Jefferson County transferred control over the property to Jefferson County, the trial court properly granted summary judgment on this issue in Imperial's favor.

We reject plaintiff's contention that *Salazar v. Webb*, 44 Colo.App. 429, 618 P.2d 706 (1980) and Restatement (Second) of Torts § 379A (1965) permit a different result. *Salazar* held that under certain circumstances, such as those outlined in Restatement § 379A, a lessor may be liable for physical harm resulting from a dangerous condition on his property even if he does not retain control. However, Restatement § 379A addresses injuries to persons *outside* rather than *on* the leased premises. And, although the stated facts of *Salazar* do not reveal the location of the injured persons at the time they were stricken, we conclude that because the opinion relies on Restatement § 379A, the injuries must have occurred outside the property.

Here, the applicable provision is Restatement (Second) of Torts § 355 (1965). That section provides:

"Except as stated in §§ 357 and 360–362, a lessor of land is not subject to liability to his lessee or others upon the land with the consent of the lessee or sublessee for physical harm caused by any dangerous condition which comes into existence after the lessee has taken possession."

Restatement (Second) of Torts § 357 does not operate to exempt Imperial from this rule because it concerns lessors who contract to repair conditions on the land. Here, there is no such contract. To the contrary, the contract between Imperial and Jefferson County obligates Jefferson County to maintain the property and keep it in good repair.

Neither do Restatement (Second) of Torts §§ 360, 361, or 362 exclude Imperial from the protection of Restatement § 355. Those sections concern the retention of control over part or all of the property and negligent repairs by the lessor. None of those circumstances exist here.

### C.

■ Plaintiff argues that despite our resolution of the issues addressed in section B above, summary judgment should not have been entered on the issue of respondeat superior. We disagree.

Inasmuch as we have determined that Imperial is only a lessor, agency principles do not come into play here, and therefore, the trial court properly eliminated these considerations.

### II. Claims against Muchow
### A.

■ Plaintiff contends that the trial court erred in concluding that Muchow had no duty to supervise construction. We disagree.

■ The trial court's conclusion was based on the scope of Muchow's *contractual* duties. While we agree with plaintiff that one's contractual duties do not necessarily define one's tort liability, this error does not require reversal. *See Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980); *cf. Wheeler & Lewis v. Slifer*, 195 Colo. 291, 577 P.2d 1092 (1978) (where plaintiff's sole theory of liability was *breach of contractual duty*, architect's contractual obligations defined its liability for workers' injuries resulting from unsafe working conditions).

■ The existence of negligence is measured by the normal standards of skill and competence exhibited by members of a defendant's profession. *Metropolitan Gas Repair Service, Inc. v. Kulik, supra.* Therefore, Muchow can only be liable for negligence in failing to supervise if such

**1264**

supervision, even absent a contract provision, is required by the ordinary standards of the architectural community.

Here, Muchow submitted the affidavit of a licensed architect with its motion for summary judgment which stated that, absent a contractual provision, it was *not* the custom or practice of an architect to supervise construction. Plaintiff's affidavits do not refute this contention; therefore, this theory of liability was properly dismissed.

### B.

Plaintiff next contends that the court erred in granting summary judgment rather than *partial* summary judgment, because plaintiff's other theories of liability had not been refuted. We agree.

Plaintiff alleged that Muchow was a designer of the stairs and failed to use due care in its design. Although Muchow submitted an affidavit of a licensed architect stating that Muchow was not a designer of the stairs, plaintiff submitted an affidavit contradicting this averment. This conflict created a genuine issue of material fact; therefore, the claim for negligent design should not have been dismissed.

We disagree with Muchow that it was unnecessary to reach this issue since "the record clearly reflects that plaintiff's injury resulted not from the stair design but from the contractor's methods, techniques and sequences of installation." The proximate cause of plaintiff's injuries was not the subject of Muchow's motion, nor was causation otherwise addressed or established. Claimant's allegation that one of the duties of a designer is to provide instructions for installation has also not been addressed by the trial court and may have an impact on the issue of causation. As a result, we cannot conclude as a matter of law that negligent design, if any, was not a proximate cause of plaintiff's injuries.

### C.

Plaintiff also alleged that Muchow breached a duty in failing to specify in its contracts or work orders, the federal safety regulations and construction practices that were to be complied with by the general contractor and subcontractors on the project. Plaintiff submitted an affidavit of a licensed contractor to buttress this contention. Muchow's affidavit, which states that absent a contract provision, architects are not responsible for job-site safety, even if read liberally, only serves to create a genuine issue of material fact on this theory of liability. Therefore, the trial court erred in summarily concluding that Muchow "had no other duty connected with the accident."

The other issues raised by plaintiff are without merit.

The summary judgment in Imperial's favor is affirmed. The summary judgment in Muchow's favor is reversed on the issues of negligent design and negligent failure to specify federal safety regulations and to provide guidance on construction practices necessary to meet them. The judgment dismissing the claim against Muchow for negligent failure to supervise is affirmed. The cause is remanded for further proceedings consistent with this opinion.

HUME and MARQUEZ, JJ., concur.