John T. BAIN and Patricia Mayhew Bain, Plaintiffs–Appellants,

and

New Hampshire Insurance Company, a New Hampshire corporation, Intervenor–Plaintiff–Appellant,

v.

William DOYLE, a/k/a Bill Doyle, Defendant–Appellee.

Nos. 89CA0525, 89CA0906.

Colorado Court of Appeals, Div. IV.

Dec. 20, 1990.

Rehearing Denied Feb. 14, 1991.

Berenbaum & Weinshienk, P.C., Peter R. Bornstein, Kenneth S. Kramer, Denver, for plaintiffs-appellants.

The Law Offices of Frank W. Visciano, Anthony Melonakis, Denver, for intervenor-plaintiff-appellant.

Weller, Friedrich, Ward & Andrew, J. Mark Smith, Charles W. Ryan, III, Denver, for defendant-appellee.

Opinion by Judge REED.

In these consolidated appeals, plaintiffs, John T. Bain and Patricia Mayhew Bain, and intervenor-plaintiff, New Hampshire Insurance Company (New Hampshire), appeal the trial court's summary judgment dismissing their claims against defendant,

William Doyle a/k/a Bill Doyle. We remand with instructions.

An entity known as "Doyle and Associates" is the owner of certain property in Avon, Colorado, upon part of which six public storage warehouse units are located. Two of these units are leased, by the owner, to the town of Avon. The other four units are leased to other parties not involved in this litigation. Doyle serves either as one of the owners or as a managing officer of the owner, if it is a corporation.

In 1979, the town of Avon began leasing warehouse space from Doyle and Associates on the above described property. Subsequently, to alleviate a problem that had developed in the sewer line servicing the warehouse property, Doyle and Associates hired John Bain, as an employee of Beaver Creek Plumbing and Heating Company, to perform certain plumbing work. When the work was performed, Bain was covered under a policy of workers' compensation insurance issued by New Hampshire to Bain's employer.

While Bain was working on the sewer line, the excavated trench caved in which, together with the rescue attempts, resulted in serious injuries to Bain. As a result of Bain's injuries, he received workers' compensation benefits from his employer, through its carrier, New Hampshire.

Thereafter, Bain and his wife filed this action against William Doyle to recover damages for his personal injuries and for the wife's loss of consortium. Doyle is charged with liability arising out of his alleged ownership of the land for an alleged breach of contract in failing to provide a safe place to work and for his alleged personal, negligent conduct in the accident in which John Bain was injured.

The basis for the trial court's dismissal of the action against Doyle is that Doyle was the statutory employer of John Bain under the workers' compensation act and that, therefore, he is immune from this civil suit for damages.

■ Plaintiffs contend that the trial court erred in granting Doyle's motion for summary judgment because disputed issues of fact remain regarding Doyle's status as a statutory employer. We agree.

The basis for Doyle's motions was that he was a statutory employer of Bain under §§ 8–48–101(1) and (2) and 8–48–102(1) and (2), C.R.S. (1986 Repl.Vol. 3B) (now reenacted as §§ 8–41–401(1) and (2) and 8–41–402(1) and (2), C.R.S. (1990 Cum.Supp.)).

■ Except for the owner of a private home, § 8–48–102(1) provides that any person or other entity owning real property or improvements thereon and contracting out any work done on and to said property shall be deemed an employer within the provisions of the Workers' Compensation Act. Included within the definition of employer are the employees, servants, and agents of the property owner. *Halter v. Waco Scaffolding & Equipment Co.*, 797 P.2d 790 (Colo.App.1990).

Section 8–48–102(2), however, provides that if the contractor hired by the property owner is himself an employer and is insured under the act, then neither the contractor, his insurer, nor his employees shall have any right of contribution or action of any kind, including that asserted here, against the real property owner or its employees. *Wagner v. Coors Energy Co.*, 685 P.2d 1380 (Colo.App.1984).

It is undisputed that Bain was performing work upon real property owned by Doyle's company and that the work had been contracted out to Bain's employer. It is further undisputed that Bain's employer maintained workers' compensation insurance which covered Bain's injuries and that he was subsequently awarded workers' compensation benefits for his injuries.

Accordingly, under § 8–48–102(2), Doyle would appear to be immune from this claim.

■ To avoid application of § 8–48–102 in this case, plaintiffs rely upon § 8–48–103(1), C.R.S. (1986 Repl.Vol. 3B) (now reenacted as § 8–41–403, C.R.S. (1990 Cum.Supp.) which provides: "The provisions of this article shall not apply to any lessor or sublessor of real property who rents or leases real property to any lessee or sublessee for the purpose of conducting

the business of such lessee or sublessee." Thus, if the owner of the real property leases the same to any lessee for the purpose of conducting the business of the lessee, the provisions of § 8–48–101 and 8–48–102 (and the immunity from civil suit thereunder) do not apply. *See Rian v. Imperial Municipal Services Group, Inc.,* 768 P.2d 1260 (Colo.App.1989).

Here, at least part of the property was leased to the town of Avon and to others, but the record fails to resolve whether Bain's injuries occurred on the leased property or on that owned by Doyle's company which was not leased.

This factual issue is of great significance because the protection afforded Doyle as a statutory employer, under § 8–48–102(2), can be overcome only if the provisions of § 8–48–103 are applicable. In turn, the provisions of § 8–48–103 relate only to land which is leased for the purpose of conducting the business of the lessee. *See* § 8–48–103(1) and *Rian v. Imperial Municipal Services Group, Inc., supra.*

Contrary to Doyle's contention, application of § 8–48–103 is not dependent upon whether the contract for work done is between the lessor and the injured party. Instead, application of the statute hinges upon whether, as here, the property upon which the injury occurred is under lease to a lessee who conducts its business upon the property.

Accordingly, the cause is remanded to the trial court to resolve the factual issue of whether Bain's injuries were sustained while working on leased property upon which the business of the lessee was being conducted. If the injuries occurred while Bain was working on such leased property, then § 8–48–103(1) applies and Doyle cannot rely on the protections afforded a statutory employer under § 8–48–102(1) and (2). Thus, in such circumstances, the judgment is reversed, and plaintiffs may proceed with their claims. Conversely, if the injury occurred on unleased land owned by Doyle's company, then § 8–48–103(1) is not applicable and Doyle can rely on the immu-

nity provided by § 8–48–102(2). In that circumstance, the judgment is affirmed.

TURSI and RULAND, JJ., concur.