John T. BAIN and Patricia Mayhew Bain, Plaintiffs–Appellants,

and

New Hampshire Insurance Company, a New Hampshire corporation, Intervenor–Plaintiff–Appellant,

v.

William DOYLE, a/k/a Bill Doyle, Defendant–Appellee.

No. 92CA0169.

Colorado Court of Appeals, Div. IV.

Feb. 11, 1993.

Berenbaum and Weinshienk, P.C., Peter R. Bornstein, Kenneth S. Kramer, Denver, for plaintiffs-appellants.

Makris, Hunsaker, Towey & Melonakis, P.A., Anthony Melonakis, Denver, for intervenor-plaintiff-appellant.

Weller, Friedrich, Ward & Andrew, J. Mark Smith, Katherine C. Devers, Denver, for defendant-appellee.

Opinion by JUDGE JONES

Plaintiffs, John and Patricia Bain, and plaintiff-intervenor, New Hampshire Insurance Company, appeal the summary judgment entered in favor of defendant, William Doyle (landlord). We affirm.

John Bain, a plumber and owner of Beaver Creek Plumbing and Heating Company, was hired by landlord to repair a sewer line which serviced a warehouse that the landlord owned. The landlord had leased a unit in the warehouse to the Town of Avon (tenant). In October 1987, while Bain was performing repairs, the trench that was being excavated caved in and, together with rescue attempts, resulted in Bain sustaining serious injuries.

After plaintiffs filed this action to recover damages, the trial court entered summary judgment in the landlord's favor on the grounds that he was immune from tort liability as a statutory employer under §§ 8–48–101 and 8–48–102, C.R.S. (1986

Repl.Vol. 3B) (now reenacted as §§ 8–41–401 and 8–41–402, C.R.S. (1992 Cum.Supp.)) of the Workers' Compensation Act (Act). These statutes provide, *inter alia*, that an employer shall not be subject to tort or other liability for the death or personal injury of an employee if the employer has complied with the provisions of the Act.

On appeal, a division of this court reversed and remanded this matter to the trial court because the record failed to resolve an issue of fact necessary to determine whether the landlord qualified as a statutory employer under the Act. *Bain v. Doyle*, 807 P.2d 1225 (Colo.App.1990). Specifically, the court held as follows:

> If the injuries occurred while Bain was working on such leased property, then § 8–48–103(1) applies and [landlord] cannot rely on the protections afforded a statutory employer under § 8–48–102(1) and (2). Thus, in such circumstances, the judgment is reversed, and plaintiffs may proceed with their claims. Conversely, if the injury occurred on unleased land owned by [landlord's] company, then § 8–48–103(1) is not applicable and [landlord] can rely on the immunity provided by § 8–48–102(2). In that circumstance, the judgment is affirmed.

*Bain v. Doyle, supra* at 1227.

Thus, on remand, the only issue to be determined was whether the accident which resulted in Bain's injuries occurred on the premises that landlord leased to tenant or whether it occurred on land not included within the leased premises.

The trial court, upon remand, again entered summary judgment in favor of the landlord based on "an admitted fact this injury happened outside of the building, not inside the building, while working on a common sewer line which was one of the utilities that supplied service to all the units." The court further ruled that "just because the sewer line was an appurtenance to the lease does not make it a part of the leased premises." Plaintiffs now appeal the summary judgment for a second time.

Plaintiffs contend that the trial court erred, as a matter of law, in ruling that the accident did not occur on the leased premises. They argue that the sewer line in connection with which Bain was injured was an appurtenance to the leasehold which was thereby included within the leased premises. Alternatively, plaintiffs contend that summary judgment was improperly entered because a question of fact remains as to whether the sewer line was, in fact, an appurtenance to the leasehold premises. We disagree.

A lease may include appurtenances, which consist of every right and privilege which is essential or necessary to the use and enjoyment of the premises leased. 3 G. Thompson, *Real Property* § 1085 (1980 Repl.). *See* 49 Am.Jur.2d *Landlord & Tenant* § 197 (1970) (Annotations).

Although the term "appurtenances" generally refers to intangible rights, such as water rights, that necessarily must be conveyed for the beneficial use of the leasehold, the term occasionally may be used to refer to physical fixtures that extend beyond the leasehold but are necessary for the use of the leasehold. *Denver Center for Performing Arts v. Briggs*, 696 P.2d 299 (Colo.1985).

In determining whether a particular article is an appurtenance, the tests applied are whether the article has been adopted or applied to the use or purpose to which that part of the realty to which it is connected is appropriated, and whether there exists an intention to make the article a permanent part of the property. *Pine v. Gibraltar Savings Ass'n*, 519 S.W.2d 238 (Tex.Civ. App. 1st Dist.1974).

Here, the record reflects that the only interest in the sewer line which was conveyed to the tenant was the right to the use and enjoyment of the benefits provided by the line. In accordance with the lease, the tenant has agreed to pay only its pro rata share of sewage charges amounting to $1.78 per month.

Hence, the tenant's property interest in the line did not extend to exclusive use of the line or the surrounding property. Rather, the tenant's interest was in the nature of a general, intangible right to the

nonexclusive use of the line for the tenant's beneficial use and enjoyment of the leased premises.

Evidence that the landlord retained a superior interest in the sewer line, while the tenant's interest remained incidental to its right to use of the line, is found in the lease, which provides as follows:

(a) Tenant shall at all times, at its own cost and expense, repair and maintain in good and tenantable condition the Premises and every part thereof....

(b) Subject to the foregoing provisions hereof, *Landlord shall keep and maintain in good tenantable condition and repair, ... pipes and conduits outside the Premises for furnishing to the Premises of various utilities ... provided, however, that Landlord shall not be required to make repairs necessitated in whole or in part by reason of the act, omissions or negligence of the Tenant, his agents, employees or servants....*

(c) If Tenant refuses or neglects to make repairs and maintain the Premises, or any part thereof, in a manner reasonably satisfactory to Landlord, Landlord shall have the right, upon giving Tenant reasonable written notice of its election to do so, to make such repairs or perform such maintenance on behalf of and for the account of Tenant.... (emphasis added)

The lease indicates that, while the tenant was responsible for repairs caused by its own negligence, the landlord retained ultimate responsibility for repair and maintenance of the pipes and conduits outside the premises, which served the numerous units on his property. And, although the record reflects that the landlord had advised the tenant to stop pouring substances other than water down the drain because it was causing clogging, it is not disputed that it was the landlord, rather than the tenant, who contracted with Bain's employer for the sewer line repairs. The landlord assumed this obligation incident to his ultimate responsibility for repairs and maintenance of the sewer line as provided under the above quoted provisions of the lease.

Furthermore, that the landlord sought and received from the tenant human and other resources for the work on the sewer line did not signal the landlord's abandonment of his clear obligation to keep and maintain the sewer system pursuant to the terms of the lease. Rather, it reflects the landlord's acknowledgment that the problem he was obligated to resolve was caused "by reason of the act, omissions or negligence of the [t]enant."

■ Summary judgment is proper upon a clear showing that no genuine issue of material fact exists and that judgment should be entered as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

■ We conclude, based upon the undisputed facts, that the landlord retained an interest in the sewer line which was superior to the limited interest in the use and enjoyment of the line's benefits, which the tenant held as an appurtenance to the leased premises.

Accordingly, the trial court did not err in determining, as a matter of law, that, although the sewer line was an appurtenance to the lease, it was not a part of the leased premises because the tenant's interest in the line was limited to the use and enjoyment of the benefits the line could provide.

The judgment of the trial court is affirmed.

PLANK and MARQUEZ, JJ., concur.