483 A.2d 871

**James J. PALERMO, Jr., a Minor By James J. PALERMO, His Natural Guardian, and James J. Palermo and Mary J. Palermo, Individually**

**v.**

**Raymond NAILS and Paul F. Castrogiovanni, Administrator of the Estate of Mary D. Castrogiovanni, Deceased.**

**Appeal of Paul F. CASTROGIOVANNI Administrator of the Estate of Mary D. Castrogiovanni, Deceased.**

Superior Court of Pennsylvania.

Argued June 12, 1984.

Filed Oct. 26, 1984.

546

James M. Scanlon, Scranton, for appellant.

Lawrence A. Durkin, Scranton, for appellees.

Before CIRILLO, BECK and CERCONE, JJ.

CIRILLO, Judge:

This appeal presents for the first time in Pennsylvania, the question of whether a landlord out of possession owes a duty of care to his tenant's invitees to prevent injury from a vicious animal kept by the tenant on the leased premises. Public policy requires a landlord to exercise an ordinary duty of care towards his tenant's invitees when the landlord has actual knowledge of the dangerous animal's vicious propensities and where the landlord maintains possession or control of the property.

This appeal arises from a personal injury suit commenced by appellee James J. Palermo, Sr., on behalf of his minor child, appellee James J. Palermo, Jr., against the appellant Paul F. Castrogiovanni, administrator of the estate of Mary Castrogiovanni, deceased, and Raymond Nails.[1]

On August 22, 1978, seven year old James J. Palermo, Jr. was attacked and bitten by a dog owned by the defendant, Raymond Nails. The attack occurred on premises owned by the deceased, Mary Castrogiovanni, who leased the property to the defendant Nails. At trial, James Jr. testified that on the day of the incident, he was playing in the backyard of his home, which was in close proximity to the defendant Nails' leased premises. The child saw a dog tied to a post in the backyard of Nails' property. The dog had entangled itself around a post and was choking. The child entered the Nails backyard to untangle the dog and free him from this predicament. When freed, the dog attacked the child and bit him several times on the head and face, causing permanent injury.

The jury returned a verdict for the appellees, finding that the defendant, Raymond Nails, was 50% negligent, the

1. Nails did not appeal the jury verdict.

appellant, estate of Mary Castrogiovanni, was 30% negligent, and the minor appellee was 20% negligent. Appellant filed motions for a New Trial and Judgment N.O.V., which the trial judge dismissed. This appeal followed.

Appellant's prime contention is that under Pennsylvania law, a landlord out of possession has no duty of care with respect to a dangerous animal owned by the tenant.

Generally, a landlord out of possession is not responsible for attacks by animals kept by his tenant on leased premises where the tenant has exclusive control over such premises. *Collins v. Otto,* 149 Colo. 489, 369 P.2d 564 (1982); *Denagy v. Doscher,* 40 Misc.2d 643, 243 N.Y.S.2d 575 (1963); *cf. Juarbe v. City of Philadelphia,* 288 Pa.Super. 330, 431 A.2d 1073 (1981). However, a landlord out of possession may be held liable for injuries by animals owned and maintained by his tenant when the landlord has knowledge of the presence of the dangerous animal and where he has the right to control or remove the animal by retaking possession of the premises. *Uccello v. Laudenslayer,* 44 Cal.App.3d 504, 118 Cal.Rptr. 741 (1975); *cf. Feld v. Merriam,* 314 Pa.Super. 414, 461 A.2d 225 (1983).

In *Uccello,* a minor child sued a landlord for injuries received when she was bitten by an animal that was kept on premises leased by the landlord. The trial court granted a nonsuit after the plaintiff's opening statement. The record on appeal disclosed that the tenant had entered into a month-to-month lease with the appellee landlord which could be terminated on two weeks notice. The landlord visited the tenant's premises, saw the "Beware of Dog" signs posted all over his property, and gave the tenant specific permission to keep the dog. In addition, the dog had previously attacked and bitten a neighbor at a time when the landlord resided on the same street as his tenants.

The California Court of Appeal reversed, holding that the minor child stated a recognizable theory of liability against the landlord. The Court further held that public policy imposes a duty of care on a landlord if a landlord has actual

knowledge of the animal's vicious propensities and maintains such a degree of control over the premises that he can eliminate the presence of the dangerous animal. The Court reasoned that it was legally and socially unacceptable for a landlord to fail to act when he knows that it is likely that the dangerous animal will attack an innocent person on his tenant's property.

We agree with the holding and reasoning set forth in *Uccello*. The facts here present an even stronger case for liability on the part of a landlord for a tenant's vicious pet. Here, the record reveals that the deceased, Mary Castrogiovanni had almost exclusive control over the premises at 115 E. Grove Street. She owned the property and allowed defendant Nails, her nephew, to live there rent free.

Nails had been raised in the deceased's home at 115 E. Grove Street and continued to live with her there until she married and moved away in 1973. Nails was allowed to remain in the house. His status there can be viewed as nothing more than a tenancy at sufferance.

A tenancy at sufferance is the lowest grade of estate in real property. The tenant may stay on the lessor's property so long as the lessor permits him to remain. As against the owner, a tenant at sufferance has no rights and only the barest indicia of ownership. The lessor is entitled to possession at any time and without notice.[2]

In addition to her evident control of the property, there is ample support for the inference that the deceased had actual knowledge of the dog's vicious propensities and therefore could easily have taken steps to eliminate the dog's presence and prevent injury to the minor appellee. The deceased's close personal relationship with her nephew, coupled with numerous visits to the residence in question, indicates that she was in close proximity to the dog and therefore could observe the dog's viciousness. Furthermore, a police officer testified that in November, 1976, 18 months before the incident in question, he told the decedent

2. Ladner, Conveyancing in PA § 1.04(c) at 10.

to keep the dog tied up because it had attacked and bitten a child.

We hold that the deceased landlord owed a duty of care to the minor appellee and is liable for the injuries that the child sustained when he was bitten by the dog.[3]

Judgment affirmed.

---

3. Appellant's other allegations of error are without merit.