**Andrews v. DeStefano**

C.P. of Pike County, no. 842-2003 Civil.

*George W. Westervelt Jr.,* for plaintiff.
*Alicia M. Caridi,* for defendant Vector Security Patrol.
*Nicholas Haros,* for defendant Saw Creek Estates.
*Harry T. Coleman,* for defendant Patricia DeStefano.

KAMEEN, *P.J.,* March 23, 2005—On August 11, 2003, a complaint was filed in which the plaintiff, Christine Andrews, alleges three counts. Count I is a negligence claim against defendants Patricia DeStefano and Thomas DeStefano, Count II is a negligence claim against defendant Saw Creek Estates Community Association Inc. and Count III is a negligence claim against defendant Triple A Security Patrol (Vector Security). The factual averments are that on September 16, 2001, the plaintiff was injured when allegedly attacked by a German shepherd owned by defendants DeStefano.

On October 22, 2004, defendant Vector Securities filed a motion for summary judgment and defendant Saw Creek filed a motion for summary judgment on Novem-

ber 22, 2004. It is those two motions that are presently before the court.

It is proper for any party to move for summary judgment in whole or in part as a matter of law whenever there exists no genuine issue of any material fact as to a necessary element of the cause of action or defense. See Pennsylvania Rule of Civil Procedure 1035.2. However, oral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact. See *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932); *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

It is clear that if a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action. See *Eckenrod v. GAF Corp.,* 375 Pa. Super. 187, 544 A.2d 50 (1988). Therefore, the moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. See *Metzler v. Staples,* 36 D.&C.4th 236, 239 (1996), citing *Pennsylvania Gas & Water Co. v. Nenna & Frain Inc.,* 320 Pa. Super. 291, 467 A.2d 330 (1983). Once the moving party has met its burden, the adverse party may not rest upon the mere allegations or denials of his pleading, but his response must set forth specific facts showing that there is a genuine issue for trial. See *Metzler v. Staples, supra.*

Additionally, the court is to accept as true all well-pleaded facts in the non-moving parties' pleadings, as

well as the admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom and the record must be examined in the light most favorable to them. See *Dunhill of Lancaster Inc. v. AC and S Co. Inc.*, 23 D.&C.3d 173, 176 (1982), citing *Ritmanich v. Jonnell Enterprises Inc.*, 219 Pa. Super. 198, 280 A.2d 570 (1971).

The record in this matter consists of a complaint, answer and new matter filed thereto, replies to new matter, a cross-claim of defendant Saw Creek Estates, motions for summary judgment, responses filed thereto, depositions and memorandums of law and briefs in support and opposition thereof. We have reviewed all and have examined the record in the light most favorable to the non-moving parties in this matter.

Count II of the complaint filed states that Saw Creek was charged with the duty of establishing and enforcing the rules and regulations in the community and breached that duty in failing to take the appropriate measures to prevent dogs from running in the community. Count III states that Vector Security was hired by Saw Creek and was charged specifically with the duty of preventing dogs from running at large in the community and failed to do so by not taking appropriate measures to prevent such. The demand for relief is $20,000 against each defendant named. The motions for summary judgment counter by arguing that neither Saw Creek nor Vector Security had a duty to foresee or the ability to intervene before a dog would leave an owner's property and thus would owe no duty nor breached the same.

The basis of plaintiff's argument is that the violation of the "lease law" in Pennsylvania is negligence per se

and because Saw Creek has rules regarding animals and Vector undertook enforcing such rules, a duty existed. We disagree with this argument. To establish a cause of action in negligence, the plaintiff must demonstrate that the defendants owed a duty of care to the plaintiff, defendant breached that duty, the breach resulted in injury to the plaintiff and the plaintiff suffered an actual loss or damage. See *Martin v. Evans,* 551 Pa. 496, 711 A.2d 458 (1998). Duty is predicated upon the relationship existing between the parties at the relevant time. See *Alumni Association v. Sullivan,* 369 Pa. Super. 596, 535 A.2d 1095 (1987). Additionally, the existence of a duty requires some degree of knowledge. See *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983).

The case of *Dick v. Detwiler,* 7 D.&C.4th 629 (1990), from the Court of Common Pleas of Blair County, Pennsylvania, addresses similar issues as exist here. In that case, a neighbor filed a complaint against a dog owner alleging a violation of the Pennsylvania Dog Law (3 P.S. 459-305) for failing to take appropriate steps to confine the dog and additionally brought a negligence count against the dog owner's landlord. The plaintiff argued that the landlord was negligent in permitting her tenant to keep a dangerous dog without restraining it. The court addressed the specific issue of whether a landlord may be held liable for injuries to third persons caused by a tenant's pet. The court noted that generally it is the animal's owner that is responsible for injuries to others caused by his or her pet; however, the Pennsylvania Superior Court held in *Palermo v. Nails,* 334 Pa. Super. 544, 483 A.2d 871 (1984), that a landlord may be held liable for injuries caused by animals owned by a tenant

when the landlord has knowledge of the presence of the dangerous animal and where he or she has the right to control or remove the animal.

While the specific facts may differ, the two-prong analysis applied in *Dick v. Detwiler* should be applied to this matter as well. The facts are clear that defendants Saw Creek and Vector Security Patrol were not the owners of the dog that allegedly attacked the plaintiff, so the issue is whether that dog was within sufficient control of Saw Creek and Vector Security Patrol. After review of the facts in this case, it does not appear that the dog was. Depositions taken indicate that the dog's owner visited the community no more than six times prior to the incident, the visits were limited to weekends and the dog was only present two or three times. The deposition of Ronald W. Garwood, Vector Security's assistant operations manager, stated that the office received no complaints regarding the dog in question and that, whenever dog complaints are received, it was Vector Security's recommendation that the complainant contact the dog warden as Vector Security does not remove the animals. The Association does have rules regarding animals and Vector Security does issue citations for violations of those Association rules; however, defendants DeStefano never received such a citation.

The second step of the analysis would be to determine whether Vector Security or Saw Creek had any knowledge of the dog's propensities prior to the incident. Based upon the same facts cited above, it is clear that they did not. In the case of *Luberto v. Ellis,* 48 D.&C.4th 553 (2000), the court did not impose liability on a veterinary service named as a defendant because the veterinary serv-

ice did not have custody or control over the dog at the time of the incident and that liability for a dog's acts must be based upon knowledge of the dog's propensities and failure to take proper steps to prevent those propensities from causing injury. Nothing in the record tends to indicate that Saw Creek or Vector Security had the required knowledge. Consequently, both prongs fail.

For the foregoing reasons and after careful review, we conclude that a prima facie case of negligence has not been established against Saw Creek Estates and Vector Security Patrol; therefore, summary judgment must be granted as a matter of law. The case against Saw Creek Estates Community Association Inc. and Triple A Security Patrol n/k/a The Jupiter Group Inc. t/a Vector Security Patrol is hereby discontinued with prejudice.

## ORDER

And now, March 23, 2005, upon consideration of the defendants Saw Creek Estates Community Association Inc. and Vector Security Patrol's motion for summary judgment, briefs submitted and oral argument held thereon, the said motion is hereby granted.