## Duncan v. Miller

*James C. Heneghan,* for plaintiffs.
*David Rosenberg,* for defendants Germy.
*Frank Wolf,* for additional defendants Miller.

VALASEK, *P.J.*, April 8, 2008—Before the court for disposition is defendants Edward G. Germy and Judith M. Germy's motion for summary judgment.

This court heard oral argument on the instant motion on April 4, 2008.

(1) Several witnesses testified that Lynn Miller leased a private residence situate at 1528 5th Avenue, Ford City, Armstrong County, Pennsylvania (the property) from defendants Edward G. Germy and Judith M. Germy, per a month-to-month oral lease, for $500 per month.

(2) Defendant Angela Miller testified that defendant Edward G. Germy had been to the property to supervise grass cutting up to five times prior to the dog-bite incident. Angela Miller deposition at 24.

(3) Defendant Angela Miller testified that she had taken the dog into the yard while defendant Edward G. Germy was present, and that the dog was probably muzzled at those times. Angela Miller deposition at 28-29.

(4) Defendant Angela Miller testified that defendant Edward G. Germy was at the apartment at least one time when the windows were open and the dog barked aggressively from inside the house. Angela Miller deposition at 41-42.

(5) Defendant Angela Miller testified that she posted "beware of dog" signs, approximately 18" by 12" each, on the front door, back door and backyard garage on the property approximately three months before the incident. Angela Miller deposition at 49-51.

(6) Defendant Angela Miller testified that the "beware of dog" signs were posted when defendant Edward G. Germy was at the property to cut the grass. Angela Miller deposition at 51.

(7) Additional defendant Kristi Miller testified that the "beware of dog" signs could be seen and read from the street. Kristi Miller deposition at 32-33.

(8) Defendant Edward G. Germy testified that he was on the property prior to the dog-bite incident to repair a hot water tank. Edward G. Germy deposition at 21.

(9) Defendant Edward G. Germy testified that he drove by the property weekly. Edward G. Germy deposition at 62.

(10) Defendant Judith M. Germy testified that she drove by the property weekly. Judith M. Germy deposition at 27.

(11) Additional defendant Kristi Miller testified that defendant Edward G. Germy knocked on the door to the property while the dog was living at the house, causing the dog to bark aggressively from inside. Kristi Miller deposition at 23-26.3

(12) Defendant Edward G. Germy testified that, upon learning of the dog-bite incident, he told Lynn Miller that the dog had to go. Edward G. Germy deposition at 32.

## CONCLUSIONS OF LAW

(1) The standard for granting summary judgment is as follows:

"Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law. Summary judgment is proper in cases in which 'an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues be submitted to a jury.' We review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Jones v. SEPTA,* 565 Pa. 211, 216, 772 A.2d 435, 438 (2001). (citations omitted)

(2) "[A] landlord out of possession may be held liable for injuries by animals owned and maintained by his tenant when the landlord has knowledge of the presence of the dangerous animal and where he has the right to control or remove the animal by retaking possession of the premises." *Palermo by Palermo v. Nails,* 334 Pa. Super. 544, 547, 483 A.2d 871, 873 (1984).

(3) Plaintiffs have presented sufficient evidence to, when viewed in their favor, support the conclusion that defendants Edward G. Germy and Judith M. Germy were landlords out of possession who knew of the presence of the dangerous animal on the property and who had the right to control or remove the animal by retaking possession of the premises. Therefore, the motion for summary judgment must be denied.

An appropriate order will be entered.

## ORDER

And now, April 8, 2008, upon consideration of the parties' briefs and oral arguments, the defendant's motion for summary judgment is denied.