# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JOY BILLINGS,<br>　　Plaintiff, | ) ) ) ) ) ) ) | |
| v. | | C.A. NO. N23C-04-129 DJB |
| ABBEY WALK APARTMENTS, LLC, a<br>Delaware Limited Liability Corporation,<br>MID-ATLANTIC REALTY CO., INC., a<br>Delaware Corporation, and, JAMES<br>WILLIAMS,<br>　　Defendant. | ) ) ) ) ) ) ) | |

Submitted:  July 20, 2023
Decided:  October 30, 2023

## OPINION

*Upon Defendants Abbey Walk Apartments, LLC, and Mid-Atlantic Realty Co.,
Inc.'s, Motion to Dismiss – **DENIED.***

Elwood T. Eveland, Jr., Esquire, the Eveland Firm, Wilmington, Delaware

Periann Doko, Esquire, Kent & McBride, P.C., Wilmington, Delaware

**BRENNAN, J.**

## I. INTRODUCTION

Defendants Abbey Walk Apartments, LLC (hereinafter "Abbey Walk") and Mid-Atlantic Realty Co., Inc. (hereinafter "Mid-Atlantic" or collectively, "Movants") have moved to dismiss Plaintiff's Complaint. For the reasons explained below, Defendants' Motion to Dismiss is **DENIED**.

## II. BACKGROUND

On April 15, 2021, Plaintiff Joy Billings (hereinafter "Billings") walked dog in the vicinity of Abbey Walk Apartments an apartment complex owned by Abbey Walk.[1] On that walk, Billings and her dog were attacked by Defendant James Williams' (hereinafter Williams") pit bull, who was not on a leash.[2] At all times relevant to this litigation, Williams was a resident of the Abbey Walk Apartments. Due to the incident, Billings and her dog suffered serious injuries.

Billings filed her Complaint on April 14, 2023,[3] asserting two counts of negligence: one against Williams, the other against Movants.[4] As to Movants, Billings alleges they were aware that Williams lived with his pit bull at the Abbey Walk Apartments, in contravention to the apartment complex's restriction against

---

[1] Defendant Mid-Atlantic manages the Abbey Walk Apartments. Compl. ¶ 5, Apr. 14, 2023 (D.I. 1).
[2] To date, service has yet to be perfected against Williams.
[3] D.I. 1.
[4] D.I. 1, Compl. ¶¶ 5-13; 14-20.

large dogs.[5]  Billings further alleges that Movants had knowledge of prior instances of aggressive behavior involving Williams's dog.[6]

In response to these allegations and in lieu of an Answer, Movants filed the pending Motion to Dismiss on May 15, 2023.[7]  Oral argument was heard on June 27, 2023.[8]  Following argument, on July 20, 2023, Plaintiff's counsel requested leave to supplement the argument with additional decisional case law to advance their position.  Plaintiff was afforded an additional twenty days to supplement their letter, even though case law was attached.  Movants were likewise given twenty days to respond to any further submission by Plaintiff.   No further responses were received. This is the Court's decision.

## III.   STANDARD OF REVIEW

Superior Court Civil Rule 12(b)(6) governs the standard of review for a motion to dismiss.   Under this rule, the Court must decide whether any reasonably conceivable set of circumstances, susceptible of proof, under the complaint exists to support recovery.[9]  Under that Rule, the Court will:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give

---

[5] *Id.* ¶ 15.
[6] *Id.* ¶ 16.
[7] D.I. 8.
[8] D.I. 9.
[9] *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. 2018) (quoting Superior Court Civil Rule 12(b)(6)).

the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) not dismiss the claims unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[10]

Unsupported conclusory allegations need not be accepted.[11] However, if any reasonable conception exists that can be formulated to allow recovery, the motion will be denied.[12]

## IV. DISCUSSION

Movants advance two theories in support of their Motion to Dismiss: (1) that Movants did not owe a duty of care to Plaintiff, as the attack occurred off of their premises, and (2) liability for any attack rests solely on the owner, as Delaware law imposes strict liability on the dog's owner. Initially, Movants sought dismissal for failure to file the Complaint within the applicable statute of limitations, as the Complaint alleges the attack occurred on April 15, 2020. In the spirit of Delaware practice, counsel for Movants appropriately withdrew this claim once Plaintiff counsel clarified this was a typographical error and that the date this occurred should

---

[10] *Id.* (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011)).

[11] *Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *11 (Del. Super. Ct. Aug. 16, 2021) (citing *Prince v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), overruled on other grounds by *Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018)).

[12] *Vinton*, 189 A.3d at 700 (citing *Cent. Mortg. Co.*, 27 A.3d at 535).

read "2021."

## A. DUTY OF CARE

To state a claim for negligence for landlord-tenant dog bite liability, a plaintiff must allege that: (1) a defendant owed plaintiff a duty of care; (2) defendant breached that duty; and (3) defendant's breach proximately caused plaintiff's injury. [13] The issue here is whether Movants owed Plaintiff a duty of care, as the dog bite alleged did not necessarily occur on their property. As alleged, the bite occurred: "in the vicinity of Abbey Walk Apartments."[14] In a general context, "the imposition of a duty upon the landowner/landlord requires actual control of the premises."[15] Relying on this principle, Movants contend that Billings's negligence claim fails, arguing that the attack must have occurred on the landlord's actual premises.

In its initial response, Billings argued that no Delaware case has directly addressed the standard for landlord-tenant dog bite liability off-premises and therefore cited to two Pennsylvania cases discussing landlord-tenant dog bite liability. The dog bite cases at issue in the relied upon Pennsylvania cases both occurred on the landlord's premises, and thus, do not address Moving Defendants'

---

[13] *Kirshner v. Wilmington Hous. Auth.*, 700 A.2d 736, 1997 WL 587350, at *2 (Del. Sept. 11, 1997) (TABLE); *Dougherty v. Hibbits*, 2015 WL 5168157, at *3 (Del. Super. Ct. Aug. 31, 2015).
[14] D.I. 1, Compl., ¶6.
[15] *Colella v. GGP, Inc.*, 2021 WL 3662234, at *4 (Del. Super. Ct. Aug. 18, 2021) (internal quotation marks and citations omitted).

argument.[16] The two cases Billings sent to the Court following argument were also contained in Movants initial papers. Of the two cases, *Kirschner v. Wilmington Housing Authority*,[17] supports Plaintiff's argument in that it addresses, *in dicta* the possibility that a landlord may be liable for such an injury that occurred off of the landlord's premises.[18] The other addresses a situation where a suit was brought for a dog bite which occurred off-premises, but was dismissed based upon the fact that Plaintiff could not establish the moving landlord defendant was a "custodian" of the dog in question, therefore that case provided little guidance to the Court for the issue presented here.[19]

In *Kirschner*, the Delaware Supreme Court reviewed the trial court's grant of summary judgment where a plaintiff was attacked by a dog on her property, two doors down from the dog owner, who lived in housing rented by the Wilmington Housing Authority. Faced with a factual dispute whether the landlord had actual knowledge of the dog's viscous propensity and a claim of governmental immunity, the Court reversed the trial court's grant of summary judgment in the landlord's favor. In doing

---

[16] *Rosenberry v. Evans*, 48 A.3d 1255, 1257 (Pa. Super. Ct. 2012) (noting dog bite occurred on landlord's premises); *Palermo v. Nails*, 483 A.2d 871, 872 (Pa. Super. Ct. 1984) ("The attack occurred on premises owned by the deceased, Mary Castrogiovanni, who leased the property to the defendant Nails.").

[17] *Kirshner*, 1997 WL 587350, at *2.

[18] *Id.*

[19] *Smith v. Isaacs*, 1999 WL 1240833 (Del. Super. Ct. Sept. 21, 1999).

so, the Court found a factual dispute regarding actual knowledge by the landlord existed and did not allow immunity to bar suit. In so finding, the Court stated:

> In reaching this Conclusion, we are not unmindful of the fact that Kirshner was injured on her own property, a few houses away from the WHA-owned building. We do not find the location of the injury to be relevant to our analysis of the statutory language [of 10 *Del. C.* § 4102]. The location of the injury may be relevant to a determination of the foreseeability of the injury. That issue is not before the Court.[20]

This language expressly leaves open the possibility that a landlord can be held liable for a bite which occurs off their premises. As always, this possibility is fact dependent.

Under Delaware law, courts must construe a plaintiff's pleadings liberally and will dismiss a claim only if no "reasonable conception can be formulated to allow Plaintiff's recovery."[21] Here, the Complaint sets forth that the incident occurred "on Pike Creek Road, in the vicinity of Abbey Walk Apartments[.]"[22] Accepting this allegation as true, and with the allegation that Defendant James Williams has a Pike Creek Road address, as alleged in the complaint,[23] discovery on the issue of the exact location of the bite is appropriate. A motion to dismiss necessarily is filed in the early stages of litigation, so naturally many facts are not clear at this point. Once discovery

---

[20] *Kirschner*, 1997 WL 587350, at *2 (internal citation omitted).
[21] *Wells Fargo Bank, NA v. Strong*, 2015 WL 9594717, at *1 (Del. Super. Ct. Dec. 22, 2015).
[22] D.I. 1, *see* Compl. ¶ 6.
[23] *Id.* ¶ 2.

is complete, this issue may be re-presented if appropriate. At that time, the Court will be in a better position to determine if the foreseeability analysis, alluded to in *Kirschner*, is relevant and can be established in this case. Given all reasonable inferences to Plaintiff as the non-moving party, it is possible that if this incident did not occur on Movants' property, it could have occurred in a proximity so close to Movants' property that under a foreseeability theory, a duty of care may be established.

## B. STRICT LIABILITY

Movants additionally contend that any claims of strict liability fail because they do not own the pit bull at issue. Absent exceptions not applicable to this case, Delaware law imposes strict liability on dog owners for injuries or damages resulting from a dog bite.[24] The Complaint, however, does not set forth a strict liability claim against Movants.[25] To the extent Billings attempts to hold Movants liable under a theory of strict liability, any such claim is impermissible. The fact that Delaware holds the animal's owner strictly liable, does not eviscerate any potential liability on any other properly joined parties. As noted above and alleged in the Complaint, Plaintiff may assert a negligence claim against Movants, should all of the necessary elements be met.

---

[24] 16 *Del. C.* § 3053F; *see also Nationwide Prop. & Cas. Ins. Co. v. Finn*, 2020 WL 4582632, at *4 (Del. Super. Ct. Aug. 6, 2020).
[25] Compl. ¶¶ 14-20.

8

## V.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**. Billings, however, is to file an Amended Complaint to reflect the correct date of the incident.

**IT SO ORDERED** this 30TH day of October, 2023.

_____
Danielle J. Brennan, Judge

Cc:    All parties via Lexis File&Serve

9