No. 20,092.

David Ray Collins, a Minor, etc., *v*. Roy Otto, et al.

(369 P. [2d] 564)

Decided March 12, 1962.

Messrs. McLean and McLean, Mr. Benjamin W. Fann, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

Mr. Chief Justice Day delivered the opinion of the Court.

The parties appear here as in the trial court and will be so referred to or by name.

The plaintiff was a four-year-old child who, through his mother as next friend, brought suit against the de-

fendants. He alleged defendants owned and wrongfully harbored a coyote, a wild animal of vicious propensities, and that on May 22, 1960, the child was attacked and bitten by the coyote and seriously injured.

Trial to a jury resulted in a verdict and judgment for defendants, from which the plaintiff seeks reversal by writ of error.

In the trial of the case the testimony was not in any material aspect disputed. The Ottos admitted ownership of the animal for a period of about two years. They had fitted it with a collar and kept it on a chain about 15 ft. long. At the time of the attack on plaintiff, the coyote had recently been delivered of a litter and some of her puppies were still with her. Mr. Otto admitted that he gave one of the puppies to David to pet in the presence of the coyote.

Although the Ottos denied that they knew the coyote was vicious, they both testified that it was their custom not to let children approach it to pet it unless in their presence. Mrs. Otto testified that all of the neighborhood children had been warned not to go close to the coyote unless she or her husband were present. Mrs. Otto further testified that she worried about it and kept a very strong chain on the animal, and she did not tell the children that the coyote might hurt them but just warned the children to stay away unless she or her husband were present. Both were in the house and knew that David had been over for lunch with the Otto children and that all of the children were in the backyard and that David had a puppy to pet.

That the coyote attacked the boy is not disputed. An eye witness testified as to the viciousness of the attack, and the medical testimony established that lacerations of the forehead, eyelid, face, ears, and back of head were the result of the bites of the coyote. The injuries were quite extensive, leaving scars requiring at least two operations by a plastic surgeon.

The Ottos defended on the theory of the contributory

negligence of this four-year-old child and on the basis that they had no prior knowledge of the viciousness of the animal.

A motion by plaintiff for a directed verdict in his favor was denied, the court ruling that the question of negligence of defendants in keeping the wild animal was a question for the jury. The court also ruled that the matter of contributory negligence was a legitimate defense to be submited to the jury, and gave an instruction thereon.

Several grounds are assigned by plaintiff for reversal, but in view of our conclusion only one need be considered: Whether the denial of plaintiff's motion for directed verdict and refusal to submit the cause to the jury on the question of damages alone was error.

■ The law is virtually universal that one who harbors a wild animal, which by its very nature is vicious and unpredictable, does so at his peril, and liability for injuries inflicted by such animal is absolute. The rule is well stated in 2 Am. Jur. 689, at page 725, as follows:

§43. In General. — The owner of animals ferae naturae or of beasts of a dangerous or vicious class or species, such as lions, tigers, or bears, is, as a general rule, liable under all circumstances for injuries done by them. This rule of liability is predicated upon the wrongful and unjustifiable conduct of the owner in keeping an animal of a vicious, and therefore dangerous nature, and it is not necessary to prove that he had knowledge of the vicious nature of a wild animal causing injury, as he is conclusively presumed to have had such knowledge. Although the owner had no particular notice that such an animal ever did any such mischief before the injury complained of, he is liable. If such an animal is not securely confined, it is plainly a public nuisance, and security must be assured under all circumstances. Since the gravamen of the action, in such cases, is the keeping of the animal, negligence is not, strictly speaking, an element of the owner's liability. However, there is, perhaps, a pre-

sumption juris et de jure of negligence based upon the keeping, and in that sense only an action would rest upon negligence. Therefore, *while any person has an undoubted right to keep a wild animal,* and no one has a right to interfere with him in so doing, *as a result thereof, he assumes the obligations of an insurer* with respect thereto to the public generally. *A person who keeps an animal ferae naturae keeps it at his peril;* and if he loses control of it and it does damage, he is responsible." (Emphasis supplied.)

█ In Colorado, by C.R.S. '53, 62-6-2, a coyote has been defined as a predatory animal. There is little doubt that it is in fact a wild animal and that it has vicious propensities. The court recognized the rule of law by instructing the jury that the coyote "is a wild animal, under the law, and presumed to be vicious and that proof of knowledge on the part of the defendants was not required." This is the law and is for the court, and there was nothing for the jury to determine except damages.

One of the defendants, Christeen Edstrom, was made a defendant because she was the landlord from whom the Ottos rented the premises in which they lived. Under what theory she may be held to be responsible is not apparent. The court dismissed the action as to her and that judgment was correct and is affirmed.

The judgment as to the Ottos is reversed and the cause remanded to the trial court with directions to grant a new trial on the issue of damages only.