476 P.2d 762 (1970)
The CITY AND COUNTY OF DENVER, a Municipal Corporation, Plaintiff in Error,
v.
Denise J. KENNEDY, a Minor, by her father and next friend, Hugh S. Kennedy, Hugh S. Kennedy and Joan M. Kennedy, Defendants in Error.
No. 70-390. (Supreme Court No. 23455.)
Colorado Court of Appeals, Div. II.
November 10, 1970.
Max P. Zall, City Atty., Lloyd K. Shinsato, Lee G. Rallis, Asst. City Attys., Denver, for plaintiff in error.
James G. Johnston and V. G. Seavy, Jr., Denver, for defendants in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
Denise Kennedy, a five-year old girl, and her parents sued the City and County of Denver for personal injuries to Denise's hand suffered when she was bitten by a zebra at the zoo owned and operated by the City. The trial court ruled that the City was absolutely liable for such injuries and directed a verdict in favor of the plaintiffs. An offer of proof was made by the City as to its lack of negligence and, impliedly, as to the contributory negligence of Denise and her parents. This was rejected by the trial court, and, following a jury award of damages and entry of judgment by the trial court, the defendant filed this appeal.
This jurisdiction has adopted the general rule that "one who harbors a wild animal, which by its very nature is vicious *763 and unpredictable, does so at his peril, and liability for injuries inflicted by such animal is absolute." Collins v. Otto, 149 Colo. 489, 369 P.2d 564.
The Collins case involved a situation where a coyote kept by the defendants on their property inflicted injury upon a four-year old child. The rationale upon which absolute liability was predicated by our Supreme Court in that case was that, in keeping a vicious and dangerous animal, the defendants had acted wrongfully and unjustifiably. This is the rationale upon which the rule of absolute liability is imposed by most jurisdictions against one who harbors a wild animal. See Annot., 21 A.L.R.3d 603. Under that rationale the act of keeping or harboring the animal is viewed, by itself, as an unreasonable act done in defiance of the safety and desires of the surrounding society, and consequently the one who performs it becomes an insurer as to that society.
Considering such rationale, we do not think the rule in Collins extends to, nor was intended to extend to, a situation where a municipality maintains and operates a zoo for the benefit of the public and in response to the public's obvious desires. In such instance the keeping and displaying of animals which are commonly wild in nature is not an unreasonable or unjustified act.
Nor, in our opinion, does the rationale sometimes given for the rule in wild animal cases (See W. Prosser, Law of Torts § 75) that one who exposes the public to the risk of a very dangerous thing is absolutely responsible make the rule applicable to a municipally owned and operated zoo. In the context of today's society and present zoological techniques, it would be unrealistic to hold, as a matter of law, that the operation of a zoo by a municipality exposes the public to an inordinate risk. Annot., 21 A.L.R.3d 603.
We hold that the City is not absolutely liable for injuries or harm inflicted by animals of wild heritage which are kept and exhibited in its city-owned zoo, and that its liability, if it exists, must rest on proof of negligence. Newman v. Cleveland Museum of Natural History, 143 Ohio St. 369, 55 N.E.2d 575.
This case will be remanded for retrial, and for this reason we speak now concerning the City's affirmative defense of contributory negligence by Denise and her parents. Because of her age at the time of injury, Denise, as a matter of law, could not have been guilty of contributory negligence. Benallo v. Bare, 162 Colo. 22, 427 P.2d 323. Nor is any possible negligence on the part of her parents imputable to Denise. Denver City Tramway Co. v. Brown, 57 Colo. 484, 143 P. 364.
The judgment of the trial court is reversed, and this cause is remanded for a new trial on a basis consistent with this opinion.
DWYER and ENOCH, JJ., concur.