506 P.2d 764 (1972)
Denise J. KENNEDY, a minor, by her father and next friend, Hugh S. Kennedy, et al., Plaintiffs-Appellants,
v.
The CITY AND COUNTY OF DENVER, a Colorado Municipal corporation, Defendant-Appellee.
No. 71-398.
Colorado Court of Appeals, Div. II.
December 27, 1972.
Rehearing Denied January 16, 1973.
James G. Johnston, Denver, for plaintiffs-appellants.
Max P. Zall, City Atty., Lee G. Rallis, Asst. City Atty., Denver, for defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
Denise Kennedy suffered the loss of a finger when she was bitten by a zebra at the City Park Zoo in Denver. She, and her parents, filed a complaint against the City and County of Denver for personal injuries, alleging that the City, responsible for maintaining the Zoo, had negligently failed to cage the zebra adequately, proximately causing her injuries.
At trial to a jury, the following facts were developed. Denise, a five year old, was visiting the Zoo with her family. After touring the grounds for some time *765 and observing other animals, the family approached the zebra pit, where several children were already handfeeding the zebras. The construction of the zebra pit allowed the children to reach over a low retaining wall and between a rail and feed the zebras directly, hand to mouth. By lying on top of the retaining wall and reaching over the side, Denise managed to join the other children in feeding the zebras. Her mother held onto her skirt as a precaution against her falling. While Denise was so positioned, a zebra gripped one of her fingers in its teeth. When Mrs. Kennedy observed the peril Denise was in, she reached over the railing and struck the zebra on the head. The zebra retreated, severing Denise's finger from her hand.
Further evidence was presented, by an expert, to the effect that zebras are, by nature, wild and dangerous animals and that their propensity to do harm is greater in captivity than in their wild habitat. He further testified that they should never be allowed to come in contact with any untrained persons.
At the conclusion of the plaintiff's case, the trial court granted defendant's motion to dismiss on the ground that plaintiffs had not, as a matter of law, established a prima facie case of negligence. We disagree.
This case has been before us previously. Denver v. Kennedy, 29 Colo.App. 15, 476 P.2d 762. At that time, we ruled that liability of the City, if it exists, must rest on proof of negligence. We further ruled that Denise, because of her age, could not be guilty of contributory negligence and that no negligence of her parents could be imputed to her.
The sole issue presented here is whether or not the plaintiffs established a prima facie case of negligence against the City. In order to establish this claim for relief, it was incumbent upon plaintiffs to establish: (1) a duty, recognized by law, requiring the City to conform to a certain standard of conduct for the protection of others against unreasonable risk; (2) a failure upon the part of the City to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and, (4) actual damage. W. Prosser, Torts § 30 (4th ed.) See Roessler v. O'Brien, 119 Colo. 222, 201 P. 2d 901.
Where, as here, the evidence shows that animals kept for display to the public by a city are of a dangerous propensity, there is a duty on the part of the City to protect the public from unreasonable risk of harm which might be caused by such animals. Restatement of Torts § 282. From the evidence disclosing that the zebra pit was constructed in such a manner that persons could easily reach over the separation barrier and come in direct contact with the beasts, the jury could have reasonably concluded that the City breached its duty to plaintiffs. If the jury were to find such a breach, there was sufficient evidence to justify its finding damages and proximate cause. Therefore, it was error for the trial court to have directed a verdict against plaintiffs at the close of plaintiffs' evidence.
The judgment is reversed and the cause is remanded for a new trial.
SILVERSTEIN, C. J., and SMITH, J., concur.