**Heather VIGIL, By and Through her next friend and father, Charles VIGIL, Plaintiff-Appellant,**

v.

**Ray PAYNE and Helen Payne, Defendants-Appellees.**

No. 85CA0197.

Colorado Court of Appeals, Div. I.

Aug. 7, 1986.

Paul Radosevich, Robert M. Maes, Denver, for plaintiff-appellant.

Bayer, Carey & McGee, P.C., Terry L. Lutts, Denver, for defendants-appellees.

METZGER, Judge.

In this personal injury action arising from an incident in which plaintiff, Heather Vigil, was attacked by two dogs, plaintiff appeals from the trial court's dismissal of her complaint and entry of judgment in favor of defendants, Ray and Helen Payne (landlords). Plaintiff asserts that the trial court erred in refusing to recognize the existence of a cause of action against a landlord for injuries caused to third parties by a tenant's dogs under circumstances in which the landlord had personal knowledge of the vicious actions of the tenant's animals before entering into the lease. We reverse and remand for further proceedings.

The facts as set forth in plaintiff's complaint are as follows. The landlords were the owners and lessors of a residential rental unit located in the City of Englewood. Patrick and Theresa Sherraden were the lessees of these premises on a month-to-month basis, and were the owners of two Chow dogs, kept at that location with the knowledge of the landlords.

Prior to entering into the lease, and prior to the Sherradens' taking possession of the premises, the landlords took care of the Sherradens' two dogs for a period of two-and-one-half weeks. During this time, "the dogs threatened the landlords' two-year-old grandson, and the landlords otherwise came to know of the vicious propensities of the Sherradens' dogs." Despite this knowledge, the landlords entered into the lease with the Sherradens, and allowed them to move into the unit, and "made no effort to remedy this dangerous situation."

Thereafter, while plaintiff, age six, was playing on the rented premises with the Sherradens' daughter, the two Chow dogs attacked her, causing severe permanent physical and psychological injuries.

The complaint against the Sherradens and the landlords alleged, among other things, negligence and recklessness for keeping vicious dogs. The landlords filed a C.R.C.P. 12(b) motion seeking dismissal of the complaint for failure to state a claim upon which relief could be granted. The

trial court granted the motion and entered judgment in favor of the landlords.

Plaintiff contends that the facts alleged in the complaint state a claim in negligence against the landlords. We agree.

In reviewing a motion to dismiss for failure to state a claim, only those allegations stated in the complaint may be considered by the court and such allegations must be considered true. *Abts v. Board of Education,* 622 P.2d 518 (Colo.1980).

The existence of a cause of action here hinges upon whether the landlords owed a duty of care to plaintiff relative to the tenants' dogs. The imposition of a duty of care requires consideration of the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the conduct, the magnitude of the burden of guarding against the harm, and the consequences of imposing liability. *Iverson v. Solsbery,* 641 P.2d 314 (Colo.App. 1982).

Generally, where a landlord is out of possession of leased premises and the tenant has exclusive control of those premises, the landlord is not responsible for attacks by animals kept by the tenant on the leased premises. *See Collins v. Otto,* 149 Colo. 489, 369 P.2d 564 (1962); *see generally* Annot., 81 A.L.R.3d 638 (1977). However, the jurisdictions which have recently addressed this issue have adopted clearly defined exceptions to the general rule.

In *Strunk v. Zoltanski,* 62 N.Y.2d 572, 479 N.Y.S.2d 175, 468 N.E.2d 13 (1984), the court imposed a duty of care upon a landlord in a situation similar to this case. Because the landlord had knowledge of the vicious propensities of a tenant's dog prior to entering into a lease, the *Zoltanski* court found:

"by leasing the premises to the owner of the dog, [the landlord] could be found to affirmatively have created the very risk which was reasonably foreseeable and which operated to injure plaintiff."

Therefore, it concluded:

"Considerations of public policy require that a landlord who, prior to leasing the premises, has knowledge that the tenant may be expected to carry on activities on the premises in such a manner as unreasonably to expose third persons to risk of physical injury has a duty to take such precautions as lie within the control of the landlord reasonably to protect such third persons from the injuries to be foreseen if no such precautions are taken."

*See also Palermo v. Nails,* 334 Pa.Super. 544, 483 A.2d 871 (1984); *Uccello v. Laudenslayer,* 44 Cal.App.3d 504, 118 Cal.Rptr. 741 (1975).

The reasoning in *Strunk v. Zoltanski, supra,* has already been adopted to a great extent in Colorado. In *Salazar v. Webb,* 44 Colo.App. 429, 618 P.2d 706 (1980), a lessor who knew of the existence of a dangerous condition on the land was held to owe a duty of care to third persons injured *off* the premises, even though the property had been relinquished to the lessee. *See also* Restatement Second of Torts § 379A (1965).

■ We therefore adopt the rule that where, as here, a landlord has actual knowledge that a tenant owns an animal whose vicious actions have created a clear potential for injury, the landlord has a duty to take reasonable precautions to protect third persons from the animal. However, we specifically limit that duty of care to those instances in which the landlord has actual knowledge of the vicious actions of the animal before entering into a rental agreement with the animal's owner and nevertheless subsequently performs the affirmative act of entering into a rental agreement with the animal's owner.

■ Plaintiff's allegations, that the landlords knew of their tenants' dogs' vicious actions prior to entering into a lease agreement, were sufficient to demonstrate the existence of the requisite duty of care. Hence, the complaint stated a claim for relief, and the trial court erred in ruling to the contrary.

**1158** ■

The judgment in favor of the landlords is reversed and the cause is remanded for further proceedings.

PIERCE and STERNBERG, JJ., concur.