**Kacie GONZALES, By and Through her mother and next friend, Rebecca Sue GONZALES, Eugene Gonzales, and Rebecca Sue Gonzales, Plaintiffs–Appellants,**

**v.**

**Ted BIERMAN, Lon E. Bierman, LeRoy and Johnnie Gold, jointly and severally, Defendants–Appellees.**

No. 87CA1633.

Colorado Court of Appeals, Div. III.

April 6, 1989.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

**630**

John Gehlhausen, P.C., John Gehlhausen, Lamar, for plaintiffs-appellants.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, Colorado Springs, for defendants-appellees.

NEY, Judge.

Plaintiffs appeal from the summary judgment dismissing their negligence claims against LeRoy and Johnnie Gold. We reverse.

Kacie Gonzales, the minor child of Eugene and Rebecca Sue Gonzales, was injured when an automobile driven by her father struck a horse. Plaintiffs alleged in their complaint that the horse was owned by defendants Ted and Lon E. Bierman, and escaped from property owned by the Golds and occupied by Ted Bierman as tenant.

The Golds moved for summary judgment, asserting that they owed no duty of care to plaintiffs because they neither owned the horse nor controlled the premises from which the horse allegedly escaped. The trial court granted summary judgment for the Golds, finding:

"[T]here is no evidence before the Court indicating that the Defendants Gold either owned the horse in question or had control of the premises where the horse may have been housed. Further, there is no evidence, apart from conjecture, indicating that the horse involved in the accident in fact was Ted Bierman's horse or came from property occupied by him."

### I.

Plaintiffs contend that the trial court erred in concluding, as a matter of law, that the Golds, as owners of the property from which the horse allegedly escaped, owed no duty to plaintiffs. We agree with plaintiffs' contention.

Under certain circumstances, a landlord may be held liable for physical harm caused by a dangerous condition on his land even though he retains no control over the land. *Salazar v. Webb*, 44 Colo.App. 429, 618 P.2d 706 (1980), citing Restatement (Second) of Torts § 379A (1965); *see also Vigil v. Payne*, 725 P.2d 1155 (Colo. App.1986).

Restatement (Second) of Torts § 379A, which we here adopt, provides:

"A lessor of land is subject to liability for physical harm to persons outside of the land caused by activities of the lessee or others on the land after the lessor transfers possession if, but only if,

(a) the lessor at the time of the lease consented to such activity or knew that it would be carried on, and

(b) the lessor knew or had reason to know that it would unavoidably involve such an unreasonable risk, or that special precautions necessary to safety would not be taken."

Here, there was evidence to support plaintiff's allegation that when the Golds transferred possession of the land to Ted Bierman as a tenant in 1984, they knew that Ted Bierman kept horses on the land and knew or had reason to know that the fences on the land were in poor condition. Thus, there were controverted issues of material fact which precluded summary judgment here.

### II.

The Golds contend that since the Biermans took actual possession of the land in 1981, at which time the Biermans did not keep horses, they cannot be found liable. We disagree.

The Biermans bought the property from the Golds in 1981 under an installment sale arrangement. They defaulted and in 1984 deeded the property back to the Golds. The Golds then leased the property to Ted Bierman. Because the Golds regained the

fee simple title to the property in 1984 and then leased it to Ted Bierman, there was a new transfer of possession in 1984. *Cf. Nuzum v. Rampart Embers, Inc.*, 487 P.2d 587 (Colo.App.1971) (not selected for official publication.)

### III.

Finally, the Golds argue that summary judgment was proper because there was no evidence that the horse came from their property or, if it did, that it escaped because of the poor condition of the fence. However, depositions by neighbors revealed that a horse of similar appearance to the horse involved in the accident had been seen on the Bierman–Gold property shortly before the accident, that this horse had escaped on several occasions, and that the condition of the fence was such that it would not hold a horse. Thus, plaintiffs' evidence on these issues was sufficient to preclude summary judgment. *Bauer v. Southwest Denver Mental Health Center, Inc.*, 701 P.2d 114 (Colo.App.1985).

The judgment is reversed, and the cause is remanded to the district court for trial of plaintiffs' claims.

STERNBERG and FISCHBACH, JJ., concur.