24CA1053 Joseph v Katco 05-08-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1053
City and County of Denver District Court No. 23CV30833
Honorable Martin F. Egelhoff, Judge

---

William Joseph,

Plaintiff-Appellant,

v.

Katco Investments, LLC,

Defendant-Appellee.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE JOHNSON
Lipinsky and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 8, 2025

---

The Paul Wilkinson Law Firm LLC, Nelson Boyle, Denver, Colorado; Eddington Law Firm, LLC, Wesley Eddington, Adam Gleason, Denver, Colorado, for Plaintiff-Appellant

Courtney Holm & Associates, AAL PC, Courtney Autumn Holm, Edwards, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1 Plaintiff, William Joseph (Joseph), appeals the district court's order dismissing his complaint under C.R.C.P. 12(b)(5) for failure to state a claim against defendant, Katco Investments, LLC (Katco). Joseph also appeals the court's denial of his motions for leave to amend his claims against Katco, contending that he was entitled to an amendment as a right under C.R.C.P. 15(a). We affirm the judgment but remand the case to the district court for it to determine Katco's appellate costs.

## I.      Background

¶ 2 At the time relevant to this case, Katco owned and leased property in Denver to Pedro Juan Garcia (Garcia). In February 2023, while walking on a sidewalk in front of his home in Denver, Joseph was attacked and bitten by two pit bulls belonging to Garcia. Joseph sustained serious injuries and, as a result, filed this lawsuit, asserting claims of strict liability, pursuant to section 13-32-124, C.R.S. 2024; negligence; and negligence per se against Garcia and Katco. The complaint also asserted a premises liability claim against only Katco. The case was stayed as to Garcia due to Garcia's pending criminal charges arising from the incident.

¶ 3    As relevant to this appeal, Katco filed a motion to dismiss, arguing that Joseph failed to state claims for (1) negligence because Joseph did not allege any facts indicating that Katco had actual knowledge of the dogs' vicious tendencies before it signed a lease with Garcia; and (2) premises liability because Joseph did not allege that Katco was in possession of the premises as a "landowner," as required by the Colorado Premises Liability Act (the Act), section 13-21-115(7)(a), C.R.S. 2024.

¶ 4    On July 10, 2023, the district court dismissed all of Joseph's claims against Katco and determined that Katco was entitled to an award of attorney fees under section 13-17-201(1), C.R.S. 2024 (the July 10 order).

¶ 5    Joseph filed a motion to reconsider under C.R.C.P. 59(a) and requested leave to amend his complaint under C.R.C.P. 15(a), attaching the proposed amendment to the motion. The first amended complaint added factual allegations, including the addition of Denver Revised Municipal Code section 8-67(a) that makes it unlawful for any person to own or keep a pit bull in Denver without obtaining a Breed-Restricted Permit and pictures of a fence around Katco's property. The first amended complaint

again asserted negligence and premises liability claims against Katco. On July 26, 2023, the district court denied Joseph's request for reconsideration but did not address his request for leave to amend his complaint (the July 26 order).

¶ 6 Joseph sought clarification regarding his request to amend the next day — July 27 — and the court explained that the July 10 order "granting Katco's Motion to Dismiss constitute[d] a final judgment and thus there [wa]s no right to amendment of the Complaint as a matter of course" (the July 27 order).

¶ 7 The court awarded Katco $14,598 in attorney fees and costs. Katco sought to certify as a final judgment the attorney fee award under C.R.C.P. 54(b). In denying the request, the court reasoned that because Joseph's claims against Garcia were still pending, a final judgment on the attorney fees award could "[]not be entered until all claims ha[d] been resolved."

¶ 8 Almost a year later in April 2024, and after Joseph had taken Garcia's deposition, Joseph filed another motion for leave to file a second amended complaint asserting his negligence and premises liability claims against Katco. The second amended complaint

included additional factual allegations based on Garcia's deposition testimony.

¶ 9    On May 3, 2024, the district court summarily denied Joseph's request for leave to file his second amended complaint, stating that it did so consistent with the July 10, 26, and 27 orders (the May 3 order). Joseph filed this appeal after he and Garcia stipulated to dismissal of his claims against Garcia without prejudice.

## II.    Motion to Dismiss

¶ 10    Joseph contends that the court erred by dismissing his claims against Katco under Rule 12(b)(5) because he plausibly pled facts that, if proved true, stated one or more claims for relief. We discern no error.

### A.    Standard of Review

¶ 11    We review de novo a district court's dismissal of a claim under C.R.C.P. 12(b)(5). *Miller v. Crested Butte, LLC*, 2024 CO 30, ¶ 21. "In conducting this review, we apply the same standards as the district court, and we accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Id.*

¶ 12    To survive a motion to dismiss, a complaint must meet the "plausibility" standard.  *Id.* at ¶ 22 (quoting *People ex rel. Rein v. Meagher*, 2020 CO 56, ¶ 13).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Warne v. Hall*, 2016 CO 50, ¶ 1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A complaint is plausible on its face if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Barnes v. State Farm Mut. Auto. Ins. Co.*, 2021 COA 89, ¶ 24 (quoting *Iqbal*, 556 U.S. at 678).

¶ 13    "The plausibility standard emphasizes that facts pleaded as legal conclusions (i.e., conclusory statements) are not entitled to the assumption that they are true."  *Scott v. Scott*, 2018 COA 25, ¶ 19 (citing *Warne*, ¶¶ 9, 27); *see Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1088 (Colo. 2011) (Courts are not required to accept as true "legal conclusions that are couched as factual allegations.").

B.    Analysis

¶ 14    As a threshold matter, we note that, in his opening brief, Joseph appears to argue that the district court erred by dismissing

5

his premises liability claim. But he makes no reference to the elements necessary to state a plausible claim under the Act, and he specifically concedes that the Act does not apply to this case. Thus, we deem Joseph's premises liability claim against Katco abandoned and, therefore, do not address any argument related to the Act. *See People in Interest of Uwayezuk*, 2023 COA 69, ¶ 13 n.5. As a result, we address only the court's C.R.C.P. 12(b)(5) dismissal of Joseph's negligence claim.

### 1. Applicable Law

¶ 15 To prevail on a claim for negligence, a plaintiff must prove that "(1) the defendant owed the plaintiff a legal duty of care; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach caused that injury." *N.M. v. Trujillo*, 2017 CO 79, ¶ 23. But such a claim "must fail if based on circumstances for which the law imposes no duty of care upon the defendant for the benefit of the plaintiff." *Univ. of Denver v. Whitlock*, 744 P.2d 54, 56 (Colo. 1987). "Where a defendant successfully argues no duty, there is no subsequent inquiry into negligence . . . ." *Vigil v. Franklin*, 103 P.3d 322, 325 (Colo. 2004).

¶ 16　　It is a question of law whether a defendant owes a legal duty to a plaintiff. *Id.* When a tenant keeps a dangerous animal on the property, a landlord has a duty of care to a third party only when the landlord has "actual knowledge that a tenant owns an animal whose vicious actions have created a clear potential for injury." *Vigil v. Payne*, 725 P.2d 1155, 1157 (Colo. App. 1986). Under this duty of care, a landlord must take "reasonable precautions to protect third persons from the animal." *Id.* Significantly, this duty of care is "specifically limit[ed]" to instances when a landlord has "actual knowledge of the vicious actions of the animal *before entering into a rental agreement with the animal's owner* and nevertheless subsequently performs the affirmative act of entering into a rental agreement with the animal's owner." *Id.* (emphasis added).

## 2.　Joseph's Allegations

¶ 17　　Because Katco would only owe a duty of care to Joseph if it had "actual knowledge" before it leased the property to Garcia that he owned animals "whose vicious actions have created a clear potential for injury," *Vigil*, 725 P.2d at 1157, we review de novo Joseph's allegations in that context.

7

¶ 18    Joseph's allegations about Katco's knowledge of Garcia's dogs are contained in paragraphs 13, 15, 17, 36, and 45 of his original complaint:

> . . . .
>
> At all times material hereto and on and/or before February 15, 2023, Defendant Katco Investments LLC knew that Defendant Garcia, the tenant, owned and/or kept and/or had custody and/or control including, but not limited to, the activities of two vicious pit bull breed dogs and allowed said dog[s] to remain on the premises.
>
> . . . .
>
> At all times hereto and on and/or before February 15, 2023, Defendant Katco Investments LLC had notice that said dogs were vicious and/or had dangerous tendencies.
>
> . . . .
>
> At all times material hereto and on and/or before February 15, 2023, Defendant Katco Investments LLC knew that said dogs were vicious and/or had dangerous tendencies and kept said dogs on said property notwithstanding.
>
> . . . .
>
> At all times material hereto and on and/or prior to February 15, 2023, Defendant Katco Investment[s] LLC had actual knowledge/notice and/or constructive notice

that said dogs had demonstrated tendencies that would cause a reasonable person to believe that said dogs may inflict injury and harm to a person.

. . . .

On or about February 15, 2023, Defendants breached their duty to [Joseph] by allowing said dogs to roam and/or run freely near the property; and Defendants failed and/or refused to securely and adequately restrain and/or leash said dog on their own property when they knew or should have known of the dangerous propensities and/or tendencies and/or prior aggressive acts of said dogs on person(s) and/or property.

¶ 19    Joseph's assertions that Katco "had notice that the said dogs were vicious and/or had dangerous tendencies" and "knew said dogs were vicious and/or had dangerous tendencies" are nothing more than legal conclusions couched as factual allegations and, therefore, are not entitled to the assumption that they are true. *See Warne*, ¶ 27 (finding broad allegations of malice or animosity were conclusory and incapable of supporting a plausible claim for relief without specific factual allegations); *Woodall v. Godfrey*, 2024 COA 42, ¶ 33 ("A 'conclusory' allegation is one '[e]xpressing a factual inference without stating the underlying facts on which the inference is based.'") (citation omitted); *Walker v. Women's Prof'l*

9

*Rodeo Ass'n*, 2021 COA 105M, ¶ 70 (finding allegations that a company acted in bad faith and an "illegal and oppressive manner" were conclusory and not entitled to the assumption that they were true).

¶ 20     For example, Joseph failed to allege facts in his original complaint as to whether Katco ever (1) observed the dogs; (2) identified them as pit bulls; (3) saw any specific incident of the dogs acting viciously; (4) received any complaints about the dogs from nearby tenants; (5) knew if the dogs had previously escaped from the property; or (6) even knew if Garcia owned the dogs at the time of entering the lease. *Cf. Vigil*, 725 P.2d at 1157 (plaintiff sufficiently stated claim for negligence in complaint alleging that landlords took care of tenant's dogs for two weeks before entering into the lease, during which time the dogs showed vicious propensities and, despite this actual knowledge, landlords entered into lease agreement with tenant dog owner).

¶ 21     Joseph contends that the bare factual allegations regarding Katco's knowledge should not have been disregarded as conclusory because he pled that Katco knew about the dogs' dangerous propensities "at all times relevant . . . before" the incident. But we

are required to confine our review to the "four corners of the complaint." *Kreft v. Adolph Coors Co.*, 170 P.3d 854, 857 (Colo. App. 2007). Based on the allegations asserted in the complaint, we cannot draw a "reasonable inference" that, regardless of the general reference to timing, Katco owed a duty of care to Joseph because, at the time it entered into the lease with Garcia, it had actual knowledge that his dogs were vicious. *Iqbal*, 556 U.S. at 678. While it is true that the plausibility standard did not require Joseph to "set forth a prima facie case for each element," he was required to plead enough factual allegations to plausibly support the basic elements of his negligence claim. *Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 51 (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016)).

¶ 22　　Nonetheless, Joseph requests that we adopt section 379A of the Restatement (Second) of Torts (Am. L. Inst. 1965) (Restatement) because, taking the Restatement elements into consideration, he plausibly stated a cognizable negligence claim. Under section 379A(a) and (b) of the Restatement, "a lessor of land is subject to liability for physical harm to persons outside of the land caused by activities of the lessee . . . after the lessor transfers possession" only

11

if, at the time of the lease, the lessor "consented to such activity or knew that it would be carried on" and "knew or had reason to know that it would unavoidably involve such an unreasonable risk, or that special precautions necessary to safety would not be taken." *See Gonzales v. Bierman*, 773 P.2d 629, 630 (Colo. App. 1989) (finding defendant owed duty of care to plaintiff under section 379A of the Restatement).

¶ 23    In Joseph's motion for reconsideration, he argued that Colorado had adopted section 379A of the Restatement but now, inconsistently, urges us to adopt it.  Regardless of whether Colorado courts have adopted the provision, that fact is immaterial to our analysis because the Restatement elements require Joseph to allege facts indicating that Katco consented to Garcia's possession of the dogs at the property at the time Katco leased the property to Garcia or that Katco knew the dogs presented such an unreasonable risk of harm that special precautions were necessary.  As discussed above, Joseph failed to do so.

¶ 24    And Joseph urges us to follow *Melsheimer v. Sullivan*, 27 P. 17, 17-19 (Colo. App. 1891), and *Barger v. Jimerson*, 276 P.2d 744, 744-45 (Colo. 1954), in which Colorado courts upheld verdicts in

which the plaintiffs were bitten and injured by the defendants' dogs. But we decline to do so because those cases did not deal with whether the plaintiffs failed to state a claim under C.R.C.P. 12(b)(5). And even if they had dealt with motions to dismiss, the cases do not address the updated plausibility standard we apply to test the sufficiency of a plaintiff's complaint under *Warne*.

¶ 25　Therefore, we conclude that the court did not err by dismissing Joseph's negligence claim against Katco under Rule 12(b)(5).

### III.　Motions to Amend the Complaint

¶ 26　Joseph contends that the district court erred when it denied his motions for leave to amend his complaint.

### A.　Standard of Review and Applicable Law

¶ 27　Generally, this court reviews for an abuse of discretion a district court's denial of a motion for leave to amend a pleading. *Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶ 34. We review such denial de novo, however, when it's based on a finding that the amendment would be futile because that determination requires an inquiry into whether the amended complaint could survive a motion to dismiss. *Id.*

¶ 28    Under C.R.C.P. 15(a), "a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. . . .  Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

¶ 29    District courts are encouraged to look favorably upon motions to amend.  *Benton v. Adams*, 56 P.3d 81, 85 (Colo. 2002). Therefore, a motion to amend "should be freely granted when doing so would serve the interests of justice."  *Colo. Dept. of Pub. Health & Env't v. Bethell*, 60 P.3d 779, 787 (Colo. App. 2002).  Amendments to pleadings "should be granted in accordance with the overriding purposes of our rules of civil procedure — 'to secure the just, speedy, and inexpensive determination of every action.'"  *Varner v. Dist. Ct.*, 618 P.2d 1388, 1390 (Colo. 1980) (citation omitted).

¶ 30    Lenience towards granting amendments, however, is not without limits.  *Polk v. Denver Dist. Ct.*, 849 P.2d 23, 25 (Colo. 1993).  A court may deny a motion to amend a pleading because of undue delay, bad faith, undue expense, or other demonstrable prejudice or when an amendment would be futile.  *Varner*, 618 P.2d at 1390; *see also Rinker v. Colina-Lee*, 2019 COA 45, ¶ 32.

¶ 31    "[I]f a proposed amendment to the complaint would be futile, reversal is not required." *Davis v. Paolino*, 21 P.3d 870, 873 (Colo. App. 2001); *see also Liscio v. Pinson*, 83 P.3d 1149, 1152 (Colo. App. 2003) (concluding that, although the appellate court was unable to determine the precise basis of a trial court's ruling, the plaintiff's motion for leave to amend was properly denied because the amendment would have been futile). An amendment is futile if it "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Benton*, 56 P.3d at 86-87 (citation omitted).

## B.    Analysis

¶ 32    Katco concedes, and we agree, that the court erred by denying Joseph's request to amend his complaint as the court's dismissal of Joseph's claims against Katco under C.R.C.P. 12(b)(5) was not a final judgment. Nonetheless, for the reasons explained below, we agree with Katco that the court's error was harmless because, as a

matter of law, Joseph's amended complaint would have been futile. Thus, we discern no reversible error.[1]

### 1. Dismissal Order Was Not a Final Judgment

¶ 33    A motion to dismiss does not constitute a responsive pleading for purposes of amendment as a matter of course under C.R.C.P. 15(a). *Grear v. Mulvihill*, 207 P.3d 918, 922 (Colo. App. 2009); *Doe v. Heitler*, 26 P.3d 539, 544 (Colo. App. 2001).

¶ 34    "In determining whether an order is final, we look to the legal effect of the order rather than its form." *People in Interest of S.C.*, 2020 COA 95, ¶ 6 (quoting *Marks v. Gessler*, 2013 COA 115, ¶ 15). A motion to dismiss under C.R.C.P. 12(b)(5) requires the court to "test the legal sufficiency of the complaint to determine whether the plaintiff has asserted a claim or claims upon which relief can be granted." *Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 858 (Colo. App. 2007). Thus, a ruling on a motion to dismiss for failure to state a claim "mandates that the court analyze the merits of the plaintiff's claims." *Id.*; *see also Harris v. Reg'l Transp. Dist.*,

---

[1] As we discussed above, because Joseph concedes that the Act does not apply to his case and we have deemed his premises liability claim abandoned, we analyze the amended complaint issue solely with respect to his negligence claim.

155 P.3d 583, 585 (Colo. App. 2006) (noting that the dismissal of a complaint without prejudice is a final and appealable order where the circumstances of the case indicate that the action cannot be saved by amendment).

¶ 35    "[O]nce a judgment enters and becomes final, a plaintiff no longer has the right to file an amended complaint as a matter of course under C.R.C.P. 15(a)." *Schaden,* ¶ 39.  At that point, a plaintiff must "seek relief from the judgment" under C.R.C.P. 59 or 60 and "obtain either leave to amend from the court or written consent to amend from the defendant." *Id.*  Under C.R.C.P. 59(a), a plaintiff can file a motion for reconsideration of a final order or judgment within fourteen days of entry of the judgment.  But *Schaden*'s holding was based on the judgment being final because the *entirety of the lawsuit* had been resolved.  *Schaden,* ¶ 48.

¶ 36    At the time the court dismissed Joseph's claim against Katco, there were still pending claims against Garcia.  Thus, while the court's dismissal order was final for purposes of adjudicating Joseph's claims against Katco on the merits, the order did not fully resolve the entire lawsuit.  A final judgment is one which "ends the particular action in which it is entered, leaving nothing further for

17

the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Scott*, ¶ 11 (quoting *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n.2 (Colo. 1982)); *see also Overstreet v. Colo. Dept. of Revenue*, 178 P.3d 1259, 1261-62 (Colo. App. 2007) (holding that an order was not a final judgment because it did not "fully and finally dispose of the civil action").

¶ 37     C.R.C.P. 54(b), however, permits a court to direct entry of a final judgment as to fewer than all the claims or parties in an action involving multiple parties or multiple claims for relief, which is an exception to the general rule that an entire case must be resolved by a final judgment before an appeal is brought. *Grear*, 207 P.3d at 921. Katco recognized that its dismissal order and attorney fees award were not final judgments because Garcia's claims were still pending. This is why Katco requested that the court certify as a final judgment its attorney fees award under C.R.C.P. 54(b). But the court denied that request.

¶ 38     At the time the court dismissed the claims against Katco, Garcia had filed an answer to Joseph's initial complaint. But because of the court's denial of Katco's request for Rule 54(b)

certification, Joseph could have amended his complaint as to Katco as a matter of right. This is because, "[i]f the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Iriele v. Griffin*, 65 F.4th 1280, 1286 (11th Cir. 2023) (citation omitted); *see also Schulz v. Laszlo & Assocs., LLC*, 2025 COA 24, ¶ 25 (concluding that despite some defendants being dismissed from a lawsuit, a plaintiff has a right to amend his complaint if the plaintiff has unresolved pending claims against other defendants). For these reasons, the court erred by concluding that Joseph's motions for leave to amend were untimely.

¶ 39 Thus, because Joseph had the right to amend his complaint as a matter of course when the court denied his motions for leave to amend, we must address whether the court's error is harmless.

### 2. The Error is Harmless

¶ 40 In a civil case, an error is harmless when it does not affect a substantial right, which means we will not reverse unless "it can be said with fair assurance that the error substantially influenced the outcome of the case or impaired the basic fairness of the trial itself."

19

*Laura A. Newman, LLC v. Roberts*, 2016 CO 9, ¶ 24 (emphasis omitted) (quoting *Bly v. Story*, 241 P.3d 529, 535 (Colo. 2010)); *see also* C.R.C.P. 61.

¶ 41      We acknowledge that the court did not explicitly find that Joseph's amendment would be futile because it could not survive a motion to dismiss. But when Joseph requested leave to file his second amended complaint — with the proposed amended complaint attached — the court, as mentioned, denied his request in the May 3 order, stating it did so "consistent with the Court's orders of July 10, 26, and 27." In the July 10 order, the court dismissed Joseph's initial complaint for failure to state a claim.

¶ 42      We view the court's May 3 order to include an implicit finding that Joseph's second amended complaint suffered from the same deficiencies as did his initial complaint. In other words, our de novo review of Joseph's first and second amended complaints lead us to conclude that any such amendments would have been futile because they would not have survived dismissal under Rule 12(b)(5). *See Davis*, 21 P.3d at 873 ("[I]f a proposed amendment to the complaint would be futile, reversal is not required.").

¶ 43    The proposed first amended complaint's negligence claim

against Katco included

- a picture of the gate around Katco's property;

- a factual allegation that Katco "owed a duty to [Joseph] to
ensure said dogs were legally owned and permitted as required
by Denver Ordinance Sec. 8-67, when Defendant Katco was
given notice of [Garcia's] two dogs prior to entering the rental
agreement"; and

- a factual allegation stating, "Katco Investments LLC breached
his duty to [Joseph] by failing to properly secure the premises
in a way that prevents said vicious dogs to escape and roam
freely throughout the neighborhood to attack [Joseph] and
other individuals."

¶ 44    While Joseph asserts that Katco's property was surrounded by

gates and that those gates were insecure due to faulty latches, he

failed to include any allegation that Katco knew the dogs could

escape from the property or had knowledge that the dogs had

previously escaped, thus owing a duty to Joseph. *See Kaercher v.*

*Sater,* 155 P.3d 437, 443 (Colo. App. 2006) (proposed amendment

to negligence claim that simply added factual allegations about

21

general market availability of insurance policy did not address or cure legal deficiencies that provided the basis for dismissal of the complaint); *cf. Gandy v. Williams*, 2019 COA 118, ¶¶ 22, 23 (court found proposed amendment to be futile even where proposed amendments added five new claims). In short, Joseph's "formulaic recitation" of the elements of negligence and the duty of care is insufficient to plausibly plead that Katco had actual knowledge of the dogs' vicious propensities. *See Iqbal*, 556 U.S. at 678.

¶ 45    Joseph's proposed second amended complaint was essentially the same but added the following factual allegations in paragraphs 17, 18, 19, 24, 25, 27, and 48 from Garcia's deposition testimony:

> . . . .
>
> Upon information and belief, prior to entering the lease, Defendant Garcia told Defendant Katco Investments LLC, he [had] two pit bull dogs, and they would be moving into the home with him. (Ex. 1 – Deposition of Defendant Garcia pg. 3:12-19).
>
> Upon information and belief and at all times material hereto, Defendant Garcia never acquired a Breed-Restricted Permit from [Denver Animal Protection (DAP)] for his two pit bulls. (Ex. 1 – Deposition of Defendant Garcia pg. 8:22-25 and 9:1-5).

Defendant Katco Investments LLC, never inquired with Defendant Garcia if his pit bulls had the required Breed-Restricted Permit, and never told Defendant Garcia he must acquire the proper permit from DAP for his two pit bulls. (Ex. 1 – Deposition of Defendant Garcia pg. 5:18-23).

. . . .

At all times material hereto and on and/or before February 15, 2023, Defendant Katco Investments LLC knew that said dogs were vicious and/or had dangerous tendencies before entering a rental agreement with Defendant Garcia.

Upon information and belief, Defendant Katco Investments LLC visited the Property which Defendant Garcia rented and saw Defendant Garcia's pit bulls. (Ex. 1 – Deposition of Defendant Garcia pg. 4:18-25).

. . . .

Upon information and belief, Defendant Garcia's two pit bulls escaped from Defendant Katco Investments LLC's Property through, or over, a fence which was not maintained in proper and safe conditions for the dangerous dog breed. (Ex. 1 – Deposition of Defendant Garcia pg. 6:18-25).

. . . .

Upon information and belief, Defendant Garcia still lives at the Property owned by Defendant Katco Investments LLC. (Ex. 1 – pg. 9:13-25).

23

¶ 46 Joseph alleged that Katco "knew" the dogs were vicious or had vicious tendencies before Katco entered into a lease with Garcia. Although we found no post-*Warne* Colorado cases that shed light on whether the allegations in paragraph 24 are conclusory, we found federal cases holding that a plaintiff may plead knowledge generally, but they must still allege facts or events that give rise to an inference of knowledge. *See, e.g., Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 864 (2d Cir. 2021) (While a plaintiff can generally plead a defendant's knowledge because "a plaintiff realistically cannot be expected to plead a defendant's actual state of mind," the plaintiff must include allegations of fact or events that the plaintiff claims give rise to an inference of knowledge. (quoting *Conn. Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987))); *Great Am. Emu Co. v. E.J. McKernan Co.*, 509 F. Supp. 3d 528, 540 (E.D.N.C. 2020) (a plaintiff may not rest on conclusory allegations that a defendant "knew or should have known" certain information because, absent specific factual allegations permitting a plausible inference of knowledge, a court need not accept such legal conclusions that are elements of the cause of action).

¶ 47    Joseph's proposed second amended complaint pleads no specific factual allegations giving rise to a plausible inference that Katco had knowledge about the viciousness of Garcia's pit bulls before entering into the lease.  In short, while Joseph's allegations are not conclusory, they nonetheless suffer from the same deficiency as the allegations in Joseph's original complaint.  Joseph also alleged that Katco had knowledge that Garcia's dogs were pit bulls.  But we do not read the knowledge standard in *Vigil* to be satisfied when the landlord is aware solely of the dog's breed.  *See Vigil*, 725 P.2d at 1157.

¶ 48    To the extent Joseph argues that the existence of Denver's Breed-Restricted Permit requirement regarding pit bulls is sufficient to establish a duty of care, the requirement that a pit bull owner obtain a Breed-Restricted Permit does not speak to the viciousness of Garcia's pit bulls, as required to establish a duty under *Vigil*. The Denver ordinance prohibits a resident from owning a pit bull without first obtaining a Breed-Restricted Permit.  Garcia's deposition testimony establishes that Garcia did not obtain such a permit and that Katco did not inquire whether Garcia had applied for one.  But even assuming these facts are true, as we must, this

proves only that Katco may have facilitated Garcia's violation of the Denver ordinance; but Joseph does not allege that Katco had prior knowledge of the dogs' viciousness. If, for instance, Katco knew that Garcia had applied for and was denied a Breed-Restricted Permit for reasons relating to the dogs' temperament, then this allegation may have cured the deficiency in Joseph's complaint. *Cf. Collins v. Otto*, 369 P.2d 564, 566 (Colo. 1962) (holding owners of a coyote liable for injuries it caused without proof of the owners' knowledge of the animal's vicious propensities because the statute defined a coyote as a "predatory animal").

¶ 49　　Therefore, we conclude that the proposed second amended complaint did not cure the deficiency in Joseph's negligence claim — that Katco had "actual knowledge" of the dogs' viciousness and nonetheless entered into a rental agreement with Garcia. *See Warne*, ¶ 27.

## IV.　Appellate Attorney Fees

¶ 50　　Katco seeks appellate attorney fees and costs under C.A.R. 28(b); C.A.R. 38(b); C.A.R. 39; and section 13-17-102, C.R.S. 2024.

¶ 51　　Katco claims that it is entitled to attorney fees under C.A.R. 38(b), which says, "[i]f the appellate court determines that an

appeal or cross-appeal is frivolous, it may award damages it deems appropriate, including attorney fees, and single or double costs to the appellee or cross-appellee."

¶ 52    Under section 13-17-102(4), appeals may be deemed frivolous in two ways: (1) frivolous as filed, when "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue"; and (2) frivolous as argued, when "even in cases in which genuinely appealable issues may exist, . . . the appellant's misconduct in arguing the appeal may be such as to justify holding the appeal to be *frivolous as argued.*'" *Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006) (quoting *Dungaree Realty, Inc. v. United States*, 30 F.3d 122, 124 (Fed. Cir. 1994)).  Although we ruled against Joseph in this appeal, we cannot say that his arguments were so lacking in legal support that they were not rational or that Joseph interposed them to harass Katco or to delay resolution of the case.  *See Mission Denver Co. v. Pierson*, 674 P.2d 363, 366 (Colo. 1984).  Indeed, we concluded that the court erred by denying Joseph's motions for leave to amend his complaint, although we ultimately concluded that error was harmless.

Accordingly, we decline to award attorney fees to Katco under C.A.R. 38(b).

¶ 53    Because Katco's request under C.A.R. 39(a)(2) lacks the necessary supporting factual and legal basis for a fee award, we also decline to award Katco appellate attorney fees under that rule. *See In re Marriage of Wright*, 2020 COA 11, ¶ 39 (denying a party's request for appellate attorney fees "because he ha[d] failed to cite any legal authority for the request"); C.A.R. 39.1 ("If attorney fees are recoverable for the appeal, the principal brief of the party claiming attorney fees must include a specific request . . . and must explain the legal and factual basis for an award of attorney fees.").

¶ 54    But Katco is entitled to its appellate costs under C.A.R. 39(a)(2), which provides, "[I]f a judgment is affirmed, costs are taxed against the appellant." Accordingly, we remand the case to the district court to calculate Katco's appellate costs.

## V.    Conclusion

¶ 55    The judgment is affirmed, and the case is remanded to the district court to calculate and award Katco its appellate costs.

JUDGE LIPINSKY and JUDGE HAWTHORNE concur.

28